JOEL A. MATTESON, Appellant, *v.* JOHN NOYES, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A copy of a telegram is not evidence; the original should be produced, or its absence accounted for.

THIS action was brought by Noyes against Matteson, in the Superior Court of Chicago, to recover the value of certain railroad ties, delivered under a contract. The defense was that the ties were for the use of the St. Louis, Alton and Chicago Railroad, and contracted for by that corporation.

The plaintiff below recovered a judgment for $1,453.

The facts of the case are stated in the opinion.

The cause was tried before GOODRICH, Judge, and a jury.

STUART & EDWARDS, for Appellant.

F. B. PEABODY, for Appellee.

WALKER, J. On the trial below, appellee offered, and the court admitted in evidence, what purported to be a telegram from appellant to Loren Darling. There was no evidence that it was the original, or that the original had been lost or destroyed, or could not be procured, or that the paper offered was a copy. It was simply offered and admitted as the dispatch

which was received by witness from the telegraph office, and as primary evidence. It is an elementary principle, that resort must always be had to the best evidence within the power of the party, by which the fact is capable of proof. And it is an inflexible rule that if is in writing, the original must be produced, unless it be shown that it is destroyed, lost, or not within the power of the party to produce it, before secondary evidence can be received, of the contents. And before a copy of a written instrument can be admitted, a sufficient foundation must be laid by preliminary proof, of destruction or absence. In this case no such proof was made, to justify the reception of this copy in evidence.

We know, that by the admirable system regulating the government of the telegraph companies, the original dispatch is preserved, and may be at all times procured for proper purposes. The paper filed at the office, from which the message is sent, is of course the original, and that which is received by the person to whom it was sent, purports to be a copy. If the dispatch is sought to be used in evidence, the original must be produced, and its execution proved, precisely as any other instrument, or its absence accounted for in the same mode, before the copy can be received. In this case there was no effort to produce the original, or to account for its absence, nor was there any proof, even, that the message was a copy of the original. Whilst we know that the operators employed by the company are unusually accurate and reliable in the mode of doing business, still they do not act under the sanction of an oath, and even if they did, a copy coming from the office where delivered, must be proven to be true and a compared copy, before it can be admitted in a proper case. For these reasons we are clearly of the opinion, that the court below erred in admitting this dispatch, without the requisite preliminary proof.

When all the evidence in this case is considered, it is manifest that the contract was made with the railroad company, and not with appellant, on his individual account. One witness testified that appellant stated in the presence of appellee, at the time the agreement was entered into, that it was for the road it was made, and that the company was to pay for the ties; and that appellee so understood the contract, is obvious from the fact that he made out and presented his account for the ties against the company, and receipted to the company for the money received of them, on the contract. The ties were received, inspected and used by the employees of the road, and we are at a loss to perceive anything in the record, which tends to rebut this presumption. It seems to be clear beyond all doubt, that

the contract was made with the company, and that appellee so understood it, and if so, he had no pretense of a right to look to appellant for its performance.

· The judgment below must be reversed, and the cause remanded.

*Judgment reversed.*