## William W. Ricks v. John Wofford.

Where the plaintiff declared upon an original partnership contract, which he set out in words, and added the averment that it had been so altered as to make it terminate a year sooner than was intended, and the defendant in his answer admitted the facts and terms of partnership, except as to the alteration, the defendant would have been entitled to read the contract without proving its execution; but, having introduced one of the subscribing witnesses to prove its existence and contents, and offered his own affidavit to prove its destruction by fire, the court rightly excluded the parol evidence.

The real issue was as to the alteration of the contract; and, the plaintiff having averred his own possession of it and its destruction, parol evidence of its contents, under the circumstances, was inadmissible.

Appeal from Karnes.    The case was tried before Hon. George R. Scott, one of the district judges.

The material facts are stated in the opinion of the court. In the original petition the plaintiff declared upon a written contract, which he set out in words, and it was a partnership agreement, whereby the plaintiff undertook to keep the stock of the defendant for every fourth calf, or one-fourth of the increase.    The contract was to terminate in 1860, but the plaintiff alleged that it had been altered, (by whom he did not say,) so as to make it terminate in 1860, instead of 1861, the true time.    The defendant in his answer admitted such agreement in all except as to the alteration, and he plead inattention and damages in reconvention, so that the real issue was as to the alteration or not and the question of damages on both sides.    The judge relates the other facts.

*L. S. Lawhon,* for appellant.—I. The plaintiff's right of action did not depend upon the written contract, for it was not such a contract as is required by law to be in writing, and at most was only evidence of the agreement.    Either party could abandon the written contract in their pleadings, and rely upon proving it in any manner they might deem

best, and it is evident that the plaintiff, by his amended petition, intended to lay the foundation for establishing the contract by proof *aliunde*.   But it was not necessary for the plaintiff to prove that there was a contract for the keeping of defendant's cattle, for it was expressly admitted by the defendant in his answer, and the only proof incumbent on the plaintiff was of the extent and duration of the contract, that it had been violated by the defendant, and the damages.

II.   Defendant's answer, that the existence of the writing, and not its formal execution, was the proper subject of inquiry, and, its existence being admitted by defendant, relieved the plaintiff from the necessity of proving it. (Greenl. on Ev., § 96; 8 Tex., 307.)   Admitting that it was necessary for the plaintiff to account for the written contract before offering secondary evidence of its contents, the authorities are not uniform as to the mode of proof for this purpose.  (1 Greenl. on Ev., §§ 349, 558, and note.)

No brief for the appellee has been furnished to the *Reporter.*

LINDSAY, J.—An agreement in writing was entered into between the appellant and appellee in this case on the 23d of July, 1856, in which it was stipulated, among other things, that the appellant was to take charge of, and give his attention to the entire stock of the appellee until the year 1860, for which said appellant was to receive, as a compensation for such service, one-fourth of the increase of said stock.   The appellant brought suit upon the agreement, setting it out, *totidem verbis*, in his petition, and alleging that the date of the terminus of the agreement had been altered from 1861, as originally written, to 1860; and that the appellee had come, with force and arms, at the beginning of the year 1860, and had taken possession of the stock, and thus deprived him of the profits of the in-

crease of the stock for the year 1860, which would have been the most fruitful year under the agreement, and which damaged him at least the sum of $2,000.

The defendant answered, admitting that there had been an agreement entered into, by which the appellant was to take charge and control of appellee's stock until the year 1860 for one-fourth of the increase; excepted to the allegation in the petition charging an alteration in the agreement, on the ground that the petition was not sworn to; and pleaded that he had sustained losses in the stock to the amount of $5,000, by reason of the failure of the appellant to fulfill his engagement, for which he claimed damages in reconvention.

Upon the issue thus formed there was a trial by a jury, who made a general finding for the defendant.

The plaintiff, upon the trial, failed to produce the writing upon which the action was founded, and introduced a witness, who was set forth as a subscribing witness to the written instrument declared upon in his petition, to prove the existence, the nature, and character of the instrument. The court refused to hear this testimony. The plaintiff then offered to file his affidavit of the loss and destruction of the agreement by fire. This was also denied by the court.

Two errors are assigned in the record:

1. That the court erred in rejecting the testimony of the subscribing witness to prove and explain the terms of the contract between the parties.

2. That the court erred in refusing permission to the plaintiff to file an affidavit of the loss of the written contract by fire.

The written agreement having been made the basis of the action, its production at the time of the trial would have entitled the plaintiff to offer it in evidence without proof of its execution, unless its execution had been denied under oath by the defendant. No other notice of the inten-

tion to use such evidence is necessary than what is contained in the petition. If, by accident, the instrument sued on has been lost or .destroyed, that loss or destruction must be accounted for and supplied according to the common-law rules of evidence. When its positive loss or destruction is established, the nature, character, and terms of the instrument may be shown by secondary evidence. It being a private paper, and made the foundation of the action, the presumption is, that it was in the custody of the plaintiff, and its loss or destruction must be satisfactorily accounted for to the judge before secondary evidence of its contents will be permitted by him to go to the jury. Ordinarily the affidavit of the party in whose custody it may be presumed to have been might be sufficient to let in proof of the contents of the lost or destroyed instrument. But sometimes other and additional testimony might be required, depending upon the circumstances of the particular case. This is left to the sound discretion of the judge.

The *gravamen* of the complaint in this case was the injury sustained in consequence of the deprivation of the plaintiff of the increase of the stock for the year 1860, brought about by the defendant in taking forcible possession of them at the beginning of that year, when the agreement was, as alleged, that the plaintiff was to continue in the possession and be entitled to one-fourth of the increase under the contract for the year 1860; also, the success of the plaintiff, in the establishment of his claim, was dependent upon two alleged facts: the loss or destruction of the written instrument, of which he was the presumed custodian, and the fraudulent alteration of it.

From what was developed by the pleadings, a question arises whether the plaintiff, who admits himself to have been once the custodian of the paper, and that, while so possessed of it, it was lost or destroyed, should be permitted to prove its loss or its alteration under the circumstances of the case as he presented it. His chance of recovery

was entirely dependent upon his proving an alteration in the agreement, of which he shows himself to have been the sole possessor. He does not pretend to show that it was in duplicate. If it had been in duplicate, the law would require him, as the better evidence in the case, to notify his adversary to produce it, to ascertain its contents, before he would be authorized to introduce parol testimony for that purpose. It was not that sort of private writing which the law required to be deposited in a public office. And, being the keeper of the paper, if there was any alteration of it, it must be presumed that the plaintiff knew himself how that alteration occurred. He will not be permitted to show how it occured by his own affidavit. The maxim of the law is, that an erased or altered writing is presumed to be a false writing, and, as a false writing, is rejected, especially when the erasure or alteration is made by him who uses the altered or erased instrument. It is very obvious, that if the instrument was produced by the adverse party upon notice, with erasures and alterations, it would not be suffered to operate to the prejudice of the instrument against the party demanding its production. We can see no reason why the converse of the proposition should not hold good; that the allegation of an erasure or alteration of an instrument by the custodian of it shall not avail against his adversary. We are of opinion that the judge ruled correctly, both in rejecting the testimony of the alleged subscribing witness, and in refusing to entertain the affidavit of the plaintiff of the destruction of the instrument by fire. As the claim was founded upon two facts, both of which the law looks upon with suspicion: the alleged alteration of the instrument, which was the foundation of the action, and its destruction while in the custody of the party seeking a benefit alone from these fortuitous conjunctures. The judgment is

AFFIRMED.