EMMA J. MASON, Appellant, *v.* LYDIA C. LIBBEY, Respondent.

Where the contents of an instrument alleged to have been destroyed are sought to be proved by oral evidence it is for the court to determine whether the evidence establishes the destruction, and whether, if established, the destruction was not intended to injure the opposite party or to create an excuse for its non-production.

(Argued November 20, 1882; decided December 15, 1882.)

THIS action was brought to have a trust declared in favor of ·plaintiff in certain real estate, the title of which was in defendant.

The principal question was as to the fact whether the premises were held in trust. As to this the court held that the evidence justified the findings of the referee.

Plaintiff attempted to prove by her husband on the trial the contents of a certain letter alleged to have been destroyed. What occurred on the trial and the holding in reference thereto appear in the following extract from the opinion.

" He (the husband) testified to an acquaintance with the defendant, commencing in 1866 ; that he had conversations with her in 1866 and 1867, ' in reference to property,' and which, as detailed by him, were of the most general and unimportant character ; that he had correspondence with her ' continually.' ' I had, ' he says, ' one letter in two weeks,' and remembers re-

ceiving one in the fall of 1867. These letters he destroyed in 1868, as he was about leaving Philadelphia for New York. He says, ' I tore them up and burnt them, because I didn't want to incumber my baggage with such a large pile of letters.' Asked : ' Did you have any idea that those letters were of any importance ? ' says, ' No, it never occurred to me that they were of any importance.' ' Did you give the matter of their destruction much consideration ? ' Answers : ' Not in the least.' ' Did you have any other reasons for destroying them, except what you have stated ? ' Answer : ' No.' Being again asked, ' Did you receive a letter from Mrs. Heath ' (the defendant) ' with reference to the property ? ' Answers, ' I did.' Question : ' And destroyed it under the circumstances mentioned ? ' Answer : ' I did.' He was then requested to state the substance of the letter, and upon objection by the defendant's counsel, it was excluded.

" We have no means of knowing either the contents of the letter, nor the answer which was expected from the witness, but, assuming that the answer would have been pertinent to the issue, it was for the court to determine, in the first instance, whether the evidence established that the letter was destroyed, and also, that its destruction was not to produce a wrong or injury to the opposite party, or to create an excuse for its nonproduction. (*Jackson* v. *Frier*, 16 Johns. 196 ; Stephens' Digest of the Law of Evidence, art. 72.) This is so, whether the paper was destroyed by a party (*Riggs* v. *Tayloe*, 9 Wheat. 483 ; *Steele* v. *Lord*, 70 N. Y. 280 ; 26 Am. Rep. 602 ; *Blade* v. *Noland*, 12 Wend. 173), or a witness (*Livingston* v. *Rogers*, 2 Johns. Cas. 488), and the sufficiency of the explanation presented a question of fact for the trial judge, which this court cannot review. (*Steele* v. *Lord*, 70 N. Y. 280–283 ; 26 Am. Rep. 602.) "

*Samuel Hand* for appellant.

*S. P. Nash* for respondent.

Danforth, J., reads for affirmance.
All concur, except Tracy, J., absent.
Judgment and order affirmed.