SAMUEL S. CHISHOLM, ETC.,

v.

BEAVER LAKE LUMBER CO.

</div>

1.  TELEGRAPHIC MESSAGES AS EVIDENCE.—Where telegraphic messages are sought to be used as evidence only originals can be resorted to, except where their production is excused so as to admit secondary evidence of their contents.

2. WHAT IS THE ORIGINAL.—Whether the message delivered by the sender or that delivered by the company to the person to whom it is addressed is the original, depends upon the circumstances.

3. EVIDENCE.—In all cases it must be shown that the person sought to be charged with the consequences of a telegraphic message, either sent or caused the message to be sent.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed January 6, 1886.

This was assumpsit by appellee against appellant and others to recover the price of certain lumber alleged by appellee to have been sold by it to appellants, and shipped by their direction to one Pratt, at Aberdeen, Dakota. In support of its cause of action appellee offered in evidence at the trial the deposition of one Olson, which the court against the objection and exception of the defendants admitted in evidence, except certain portions previously stricken out on a motion to suppress. Attached to the part of the deposition admitted in evidence, and read as a portion thereof, were two telegraphic messages, purporting to have been sent by the defendants to the Beaver Lake Lumber Co., as follows:

"MINNEAPOLIS, June 26, 1883.

To B. L. L. Co.—Is duplicate of Crookston order ready for shipment? Answer by wire at once.

CHISHOLM BROS. & GUNN."

The second message was as follows:

"MINNEAPOLIS, MINN., 26.

To Beaver Lake Lumber Co.—Ship lumber to S. S. Pratt, Aberdeen, Dakota, and give us car number at once.

CHISHOLM BROS. & GUNN."

The telegrams were not the originals left with the office from which they were sent, but were copies taken by the operators in the office to which they were transmitted. Appellant testified that he did not send them or either of them and knew nothing about them, and he offered to testify that there was no record of the telegrams on the books of Chisholm Brothers & Gunn, which offer was refused.

The other facts sufficiently appear in the opinion of the court.

There was a verdict and judgment for the plaintiff for $359.23, from which the defendant, its motion for a new trial being overruled, appealed to this court.

Mr. Jesse Cox, Jr., for appellant.

Messrs. Frank J. Smith & F. A. Helmer, for appellee.

Wilson, J. We are of opinion that without the telegraphic messages attached to the deposition, the plaintiff's evidence would have been insufficient to support the verdict; it therefore becomes necessary to determine whether the telegrams were competent evidence. They did not purport to be, nor is it claimed that they were, originals—that is, they were not the instruments made and signed by the defendants and left with the company for transmission. They were copies taken from the company's wires by its operator at the office to which they were sent.

In Matteson v. Noyes, 25 Ill. 591, the trial court admitted in evidence what purported to be a telegram, there being no evidence to account for the absence of the original, or that the paper offered was a copy. It was simply the dispatch received from the telegraph office at the end of the line. The Supreme Court held that it was inadmissible, saying, "It is an inflexible rule that resort must be had to the best evidence within the power of the party to produce, and if it is in writing the original must be produced, unless it be shown that it is destroyed, lost, or not within the power of the party to produce it. If the dispatch is sought to be used in evidence the original must be produced, and its execution proved precisely as any other instrument before the copy can be received."

It seems to be agreed, in all the cases, that only originals can be resorted to as evidence, except where their production is excused so as to admit secondary evidence of their contents; but what is to be considered the original, whether that delivered to the company by the sender, or that delivered by the

company to the person to whom it is addressed, depends upon the circumstances. In Durkee v. Vt. Cen. R. R. Co., 29 Vt. 127, it is held that where the person to whom the message is sent takes the risk of its transmission, or is the employer of the telegraph, the original is the message delivered to the company. But where the person sending the message takes the initiative, so that the telegraph is to be regarded as his agent, the original is the message actually delivered at the end of the line. Redfield, C. J., said, "In regard to the particular end of the line where inquiry is to be made for the original, it depends upon which party is responsible for the transmission across the line, or in other words, whose agent the telegraph is. The first communication in a transaction, if it is all negotiated across the wires, will be effective in the form in which it reaches its destination. In such case inquiry should first be made for the very dispatch delivered."

In Gray on Communication by Telegraph, Sec. 135, the rule on this subject is laid down thus: "Whether the message delivered to the telegraph company or the one delivered by it, is the original, depends, in a certain set of cases, upon whether the person who employs a telegraph company is responsible upon an altered message." The rule as stated by Redfield seems to be in accordance with the current of the authorities. But under the state of the proof in the present case it is unnecessary to determine whether the telegrams attached to the deposition of Olson are to be regarded as the originals or otherwise, there being a question back of this which we think decisive of the present appeal. It is indispensable, in every case and under all circumstances, to show that the person sought to be charged with the consequences of a telegraphic message, either sent or caused the message to be sent. This proposition is but a truism requiring neither argument nor authority for its support. The person who is alleged to have sent a message must at least be shown to have authorized the telegraph company to make some communication. Gray, Communication by Telegraph, Sec. 135 *et seq.*, and cases cited in notes; Williams v. Brickell, 37 Miss. 682; C. & I. R. R. Co. v. Russell, Adm'r, 91 Ill. 298. If the rule

were otherwise the door would be opened to the perpetration of the grossest frauds. It is matter of common knowledge that telegraphic messages are habitually sent without any inquiry by the operator as to the authorization of the sender. The operator sends as a matter of course and without question, all messages handed to him for transmission. No one would contend that a person could be bound by a telegram which he did not authorize, and of which he had no knowledge.

We fail to find in the record any sufficient evidence that the messages in question were sent by the defendants or by their authority. The messages themselves are inadmissible to prove it, appellant denies it, and the burden of proof was upon appellee to show it.

The judgment below must be reversed and the cause remanded for a new trial.

<div align="right">Reversed and remanded.</div>