### ANGLO-AMERICAN PACKING & PROVISION Co. v. CANNON.

*(Circuit Court, S. D. Georgia, W. D.* June 16, 1887.)

1. EVIDENCE—BEST EVIDENCE.
   The rule requiring the production of the best evidence of which the case in its nature is susceptible, is adopted for the prevention of fraud, and is essential to the administration of justice.
2. SAME—ADMISSION OF SECONDARY EVIDENCE.
   It denies the admission of all evidence, substitutionary in its nature, until it is shown to the satisfaction of the court that the primary evidence is unattainable by the parties.
3. SAME—TELEGRAM.
   A telegram is executed in counterpart, and each counterpart is primary evidence against the party executing it.
4. SAME—LOST OR DESTROYED TELEGRAM.
   When the party offering secondary evidence testifies that the original is "lost or destroyed," without showing a search or other facts to support his statement, the court will not adopt the conclusion of the party, and secondary evidence will be rejected.[1]
5. SAME—LETTER-PRESS COPY.
   A letter-press copy of a letter or telegram is merely secondary evidence.

*(Syllabus by the Court.)*

At Law.

Plaintiff brought an action for breach of contract, and tendered in evidence copies of certain telegrams which were relied on to show the contract. Defendant objected, and the objection was sustained under the following ruling of the court. Plaintiff being thereupon unable to proceed, a juror was withdrawn by consent, and the case continued.

---

[1] As to what is necessary to render admissible secondary evidence of the contents of written instruments, see De Baril v. Pardo, (Pa.) 8 Atl. Rep. 876; Gordon v. State, (N. J.) 7 Atl. Rep. 476, and note; Michigan Land & Iron Co. v. Township of Republic, (Mich.) 32 N. W. Rep. 882; Boglarsky v. Singer Manuf'g Co., Id. 880; Burrill v. Wilcox Lumber Co., Id. 824; Katzenberg v. Lehman, (Ala.) 2 South. Rep. 272; Clayton v. Rehm, (Tex.) 2 S. W. Rep. 45.

*Bacon & Rutherford*, for plaintiffs.
*Dessan & Bartlett*, for defense.

SPEER, J. The plaintiff brought his action for breach of contract relating to the sale of a large quantity of meat, which the defendant refused to receive. The plaintiff tendered in evidence certain copies of telegrams, which were relied on to show the contract. The defendant objected to the admission of the copies, because the original telegrams were the best evidence, and because the failure to produce them was not sufficiently explained to warrant the admission of secondary evidence. Upon this point the evidence of the plaintiff's agent was that the copies were accurate, and that the originals "were lost or destroyed." There was no evidence of any effort on the part of the plaintiffs to procure the originals, if lost, or to explain the manner of their destruction, if destroyed. The rule requiring the production of the best evidence, of which the case in its nature is susceptible, is adopted for the prevention of fraud, and is declared to be essential to the pure administration of justice. 1 Greenl. Ev. 82. By requiring the production of the best evidence, the law denies the admissibility of that evidence which is merely substitutionary in its nature, when the original evidence can be had. Until it is shown that the production of the primary evidence is out of the parties' power, no other proof of the fact is in general admitted. Id. 84; *Sebree* v. *Dorr*, 9 Wheat. 558–563.

This principle has been well expressed in that admirable codification, which is of such value to the profession and the judiciary in this state. "The best evidence which exists of the facts sought to be proved must be produced, unless its absence is satisfactorily accounted for." Code Ga. § 3760. Now, a telegram is a document which is executed in counterpart. Each counterpart is primary evidence as against the party executing it. Greenl. Ev. 84, note *a*, and authorities there cited. It has been held that the copy delivered at the other end of the line is the original. *Durkee* v. *Vermont Cent. Ry. Co.*, 29 Vt. 127. It has been also held that the copy filed in the office whence the message is sent is the original. *Matteson* v. *Noyes*, 25 Ill. 591. But here the plaintiff produces, neither the telegram sent nor the telegram delivered, stating generally that the originals are lost or destroyed,—a mere conclusion,—without giving the facts upon which he concludes that it is lost, or if destroyed, altogether omitting to explain how or by whom this was done. There is no satisfactory explanation of the absence of the original. The court cannot, upon evidence so insufficient, ignore a salutary rule, made for the protection of the property and interests of the people.

It is quite possible that the plaintiff voluntarily destroyed this evidence, and, if that were true, he would not be allowed to introduce secondary evidence until he has repelled every inference of a fraudulent design in its destruction. *Blade* v. *Noland*, 12 Wend. 173; Greenl. Ev. par. 37.

But a letter-press copy of what was stated to be the original telegram was offered. This is but secondary evidence. The supreme court of

this state, in *Watkins* v. *Paine*, 57 Ga. 50, Judge BLECKLEY delivering the decision of the court, held that a letter-press copy is not original, but secondary, evidence; and that distinguished tribunal proceeds to say: The defendant's original letter-press copy book was rejected as evidence of the contents of letters which he had written to the plaintiff. The letters themselves were the primary evidence, and nothing was done to procure them, or account for their non-production. Judgment affirmed. See, also, *Foot* v. *Bentley*, 44 N. Y. 166, reported in 4 Amer. Rep. 652. And the supreme court of the United States in *Gilbert* v. *Moline Plough Co.*, 119 U. S. 491, 7 Sup. Ct. Rep. 305, refrained from holding otherwise.

The copy telegrams offered must be rejected.