POTTER *et al.* v. ADAMS *et al.*, *Appellants.*

### Division One, November 26, 1894.

1. **Deed, Destruction of:** REVESTING TITLE IN GRANTOR. The destruction and cancellation of a deed after it has been delivered does not revest the title in the grantor.

2. **Lost Deed:** SECONDARY EVIDENCE. Where a deed has been lost or destroyed by accident or mistake, secondary evidence may be introduced of its existence, loss and contents. But such evidence is not admissible for such purpose, where the grantee has voluntarily destroyed an unrecorded deed for the purpose and with the intention of revesting the title in the grantor.

3. **Deed, Destruction of:** REVESTING TITLE IN GRANTOR: ESTOPPEL: FRAUD. A grantee who has destroyed or consented to the destruction of his unrecorded deed with the intention of thereby revesting the title in the grantor, will be estopped from setting up title under the destroyed deed, and those claiming under him will likewise be estopped, unless the destruction of the first and execution of the second deed was a contrivance to defraud the creditors of the grantee in the deed so destroyed.

4. ————: ————: FRAUD: EJECTMENT: PRACTICE. Where a grantee, for the purpose of hindering, delaying and defrauding his creditors, destroys his unrecorded deed for the purpose of revesting title in his grantor, and has the latter execute a deed in trust for his wife, the whole transaction is void at law as well as in equity and such an issue may be tried in an action of ejectment as well as in a suit in equity to set aside the fraudulent conveyance.

5. **Fraudulent Conveyance:** EJECTMENT: PRACTICE. A deed made in fraud of creditors may be defeated by proof of its fraudulent character, in an action of ejectment, by a purchaser at a sheriff's sale made by virtue of a creditor's judgment.

6. **Land:** POSSESSION: TITLE. Where two or more persons are in possession of land, each under a separate conveyance or color of title, the possession will be treated as being in him who has the better title.

7. **Deed, Destruction of:** REVESTING TITLE IN GRANTOR: TRUST DEED TO WIFE OF GRANTEE: POSSESSION: LIMITATIONS. Where a husband destroys his unrecorded deed for the purpose of revesting title in his grantor and has the latter make a deed in trust for his

wife, in fraud of his creditors, which deed is recorded, and husband and wife remain in possession for more than ten years, the wife, having the title, will be deemed to have had sole possession and the statute of limitations commenced to run in her favor from the date of recording her deed.

*Appeal from Morgan Circuit Court.*

REVERSED:

*Wm. S. Shirk* for appellants.

(1) Even if it were admitted that John Hupp and wife had made and delivered a deed to Thomas Baine prior to the time they made the deed in evidence, to Evaline E. Baine, on the eleventh day of May, 1867, yet it stands uncontradicted and undisputed, from plaintiffs' own evidence, that, if any such deed ever existed, it was delivered up and destroyed by the mutual consent of the parties to it, and the deed , to Mrs. Baine made in lieu of it. While this may not have, technically, reinvested John Hupp with the title to the land in dispute, it yet had the effect to forever estop Thomas Baine, and all who might thereafter claim under or through him, from asserting any claim or title to the land described in it. *Farrar v. Farrar*, 4 N. H. 191; *Parker v. Cane*, 4 Wis. 1; *Mussey v. Holt*, 24 N. H. 248; *Speer v. Speer*, 7 Ind. 178; (s. c., 63 Am. Dec. 419, note.) The evidence to the effect that such former deed, if indeed it ever existed, had been canceled and destroyed by mutual consent, and a new one made in lieu of it, being as before stated, undisputed and uncontradicted from the plaintiffs' own evidence, and plaintiffs' sole claim being through and under said Thomas Baine, the defendants' demurrer to plaintiffs' evidence should have been sustained. (2) The court erred in permitting the plaintiffs to introduce evidence tending to prove that the deed from

Hupp and wife to Mrs. Evaline E. Baine was made to her, instead of Thomas Baine, in order to defraud his creditors, and in submitting that issue to the jury, and this for several reasons: *First*. This is a simple action of ejectment. Upon the theory that the deed from Hupp and wife should have been made to Thomas Baine, but was in fact made to Evaline E. Baine, to defraud the creditors of Thomas Baine, the legal title was nevertheless vested in Evaline E. Baine, and at most an equitable title only in Thomas Baine. Plaintiffs, at these execution sales, acquired only the title of Thomas Baine. This title being equitable only, the plaintiffs stood before the court, holding only an equitable title. An equitable title will not support the action of ejectment. *Ford v. French*, 72 Mo. 250; *Dunlap v. Henry*, 76 Mo. 106; *Mason v. Black*, 87 Mo. 329; *Williams v. Carpenter*, 35 Mo. 52; *Picket v. Jones*, 63 Mo. 195. *Second*. Said evidence was wholly contradictory to, and inconsistent with, the theory and evidence as to the existence of a former deed to Thomas Baine. *Third*. An action to set aside Mrs. Baine's deed, as having been made to defraud the creditors of Thomas Baine and to subject the land to the payment of his debts, would have become stale and barred by the statute of limitations in ten years. *Rogers v. Brown*, 61 Mo. 187; *Kline v. Vogel*, 90 Mo. 239; *Sherwood v. Baker*, 105 Mo. 472; *Martin v. Smith*, 1 Dill. 85; *Williams v. Allison*, 33 Iowa, 279; *Bank v. Dalton*, 9 How. 522. *Fourth*. Such evidence is not admissible in an action of ejectment at all. *Smith's Lessee v. Hunt*, 13 Ohio, 260; *Reynolds v. Ingersoll*, 11 Smedes & Marshall, 249; *Hollingsworth v. Walker*, 13 S. Rep. 6; *Paldi v. Paldi*, 54 N. W. Rep. 903; *Ward v. Huggins*, 32 Pac. Rep. 740. (3) Plaintiffs' action is barred by the statute of limitations. Plaintiffs' own evidence shows that Mrs. Baine personally

occupied the premises under her deed continuously and peaceably for over thirteen years, and through tenants for eight years longer, until she sold the land in 1888, a period of twenty-one years. And defendants, as her grantees, occupied it under her for three years longer, until this action was begun, being a total of over twenty-four years. This gave her a perfect legal title. *Merchants Bank v. Evans*, 51 Mo. 335; *Ridgeway v. Holliday*, 59 Mo. 444; *Hamilton v. Boggess*, 63 Mo. 233; *Houx v. Batteen*, 68 Mo. 84; *Allen v. Mansfield*, 82 Mo. 688.

*D. E. Wray* for respondents.

(1)   Thomas Baine purchased the land from John Hupp, and paid therefor himself.   He entered into possession, claiming it as his own under said purchase, and held possession at least a year in that capacity. There was never any change of possession from him to his wife.   There was no adverse holding upon her part as against him.   It was perfectly competent for the plaintiffs to prove that Thomas Baine bought the land, that he went into possession under his purchase, and that a deed was executed to him therefor.  If he remained in possession ten years, claiming it as his own, it is wholly immaterial whether the deed from John Hupp to him was properly sealed or acknowledged, or in correct form.   His possession ripened into an absolute title, and Potter purchased this title at sheriff's sale. *Merchants' Bank v. Evans*, 51 Mo. 335; *Shepley v. Cowan*, 52 Mo. 559; *Hamilton v. Boggess*, 63 Mo. 233.   (2)  It was proper to permit the plaintiffs to show that the land so bought by Thomas Baine was paid for by him, and that a deed was made to him therefor, and this is true, whether the deed was shown to be a perfect and complete instrument or not.   It would  tend  to  prove

the claim of title under which Thomas Baine entered upon the land, and the rights that he set up in regard thereto.   It was sufficient for the plaintiffs to prove, in the first instance, that Thomas Baine purchased the land, entered into possession thereof, and held possession for more than ten years, and that they, through their fathers' purchase, had succeeded to the rights of the said Thomas Baine in the land.   *Menkens v. Blumenthal*, 27 Mo. 198.   (3) It was also proper to permit the plaintiffs to prove, in this action of ejectment, that there was a deed made to Thomas Baine, and that it was destroyed.   *Donaldson v. Williams*, 50 Mo. 407.   (4) The defendants set up and rely upon a deed made in May, 1867, to Mrs. Evaline Baine.   It was perfectly competent for the plaintiffs to show that this deed was made at the instance of Baine for the purpose of hindering, delaying and defrauding creditors.   This is true, notwithstanding the suit is an action in ejectment.   It has been decided that a plaintiff in ejectment may destroy the effect of a deed relied upon by the adverse party by showing that it was fraudulent.   *Chandler v. Bailey*, 89 Mo. 641.   (5) *First.* The defendants are not in a condition to claim any rights under an equitable estoppel arising from the destruction of the deed by Thomas Baine, and the execution of a new deed to his wife.   In the first place no estoppel is pleaded, and it is settled law in this state that an estoppel *in pais*, in order to avail a defendant, must be set up and pleaded.   *Bank v. Doran*, 109 Mo. 40;   *Bray v. Marshal*, 75 Mo. 327.   *Second.* If the old deed was canceled, and a new deed executed to Mrs. Baine for the purpose of hindering, delaying and defrauding the creditors of Thomas Baine, certainly the creditors of Thomas Baine would not be estopped from contesting the validity of the second, and because Thomas Baine had consented to a destruction of the first in order

that the second might be executed. Such a position would be untenable. (6) There was no change in the possession of the land to his wife and no adverse holding on her part as against him, nor was there any finding of the jury to that effect. His money paid for it, he managed and controlled it. The plaintiffs, claiming under Thomas Baine through the sheriff's sale, would not be prevented by the lapse of time from showing (inasmuch as Baine was in possession) that the deed from Baine's wife was fraudulent. *Sebree v. Patterson*, 92 Mo. 451.

BLACK, P. J.—The plaintiffs are the widow and heirs of Samuel W. Potter. They brought this action to recover one hundred and twenty acres of land in Morgan county. All parties claim under John Hupp.

The plaintiff's evidence tends to show that John Hupp sold the land in February, 1866, to Thomas Baine; that Baine and his wife moved upon the land at that date, and continued to reside thereon until 1879 or 1880, a period of about fourteen years; that Hupp executed and delivered a deed, dated in February, 1866, conveying the land to Thomas Baine, which deed was never recorded; and, to defraud his creditors, Baine destroyed this unrecorded deed and caused Hupp to execute another one of date May 11, 1867, conveying the land to a trustee for the use of his wife.

The plaintiff also read in evidence two sheriff's deeds, dated in October, 1884, conveying all the title and interest of Thomas Baine to Samuel W. Potter. These deeds are based upon judgments rendered against Thomas Baine in 1883 and 1884. One of the judgments seems to have been based upon a debt contracted by Thomas Baine prior to the date of the deed from Hupp to J. H. Potter in trust of Evaline Baine.

The defendants read in evidence the deed from

Hupp to J. H. Potter, before mentioned, conveying the land to Potter in trust for the sole use and benfit of Evaline Baine. As has been said, this deed bears date of May 11, 1867, and was duly recorded on the eighteenth day of the same month and year. The defendants then read in evidence a deed from Evaline Baine and her husband to the defendant Howard Adams and to one Philip Adams, dated August 8, 1888, and recorded in 1889.

After Baine and wife left the land in 1879 or 1880 they leased it to various persons down to the date of the last mentioned deed. For the year commencing March 1, 1883, the lease appears to have been made by Thomas Baine in his own name and for that year the rents were paid to him. For the other years the land was rented by Mrs. Baine and she received the rents. She and her husband resided together at all times. This suit was commenced in 1891, twenty-four years after the date of the alleged fraudulent deed.

1.   The first inquiry presented by this record is as to the effect of the destruction of the first deed from Hupp to Thomas Baine and the execution and delivery of the second by Hupp to J. H. Potter, conveying the land to the latter in trust for Evaline Baine.

The destruction and cancellation of a deed, after it has been delivered, does not revest the title in the grantor. Title to land can not be transmitted in that way. Where a deed has been lost or destroyed by accident or mistake, secondary evidence may be introduced of its existence, loss and the contents thereof. But a different rule prevails where the grantee has voluntarily destroyed an unrecorded deed for the purpose and with the intention of revesting the title in the grantor. In such a case he will not be allowed to prove the contents of the destroyed deed by parol evidence.

It was said in *Farrar v. Farrar*, 4 N. H. 191:

"The true ground on which these decisions are to be supported is that the grantee having voluntarily and without any misapprehension or mistake consented to the destruction of the deed with a view to revest the title, neither he nor any other person claiming by a title subsequently derived from him is to be permitted to show the contents of the deed so destroyed by parol evidence." See, also, on the same subject, *Speer v. Speer*, 7 Ind. 178; *Mussey v. Holt*, 24 N. H. 252. It may, therefore, be said with safety that a grantee who has destroyed or consented to the destruction of his unrecorded deed with the intention of thereby revesting the title in the grantor, will not be allowed to produce parol evidence of the contents of the destroyed deed. He will be estopped from setting up title under such deed. In this way, namely, by estoppel, the destruction of the deed will have the intended effect.

Now, the evidence produced by plaintiffs themselves shows that Thomas Baine destroyed the first deed before it had been recorded for the purpose of putting the title back in Hupp, to the end that Hupp might convey the land to J. H. Potter in trust for the wife of said Baine. Applying the principles of law just stated, Baine would be estopped from setting up title under the destroyed deed; and these plaintiffs, claiming under him, are also estopped, unless the destruction of the first, and execution of the second, deed was a contrivance devised to defraud Baine's creditors. It would be absurd to say the plaintiffs can not assail the whole transaction on the ground of fraud.

This brings us to the objection interposed by the defendants to the effect that the second deed can not be overthrown on the ground of fraud in an action of ejectment. This objection is not well taken. If that deed was made to hinder, delay or defraud the creditors of Thomas Baine, then it was and is void at law

as well as in equity, and such an issue may be tried in an action of ejectment as well as in a suit in equity to set aside the fraudulent conveyance. Where a debtor holding the legal title to land, makes a conveyance thereof in fraud of his creditors, the purchaser at a sheriff's sale made by virtue of a creditor's judgment, may sue in ejectment, and in such a suit he may defeat the fraudulent conveyance by proof of its fraudulent character. The fraudulent deed being thus declared void from the beginning, the sheriff's deed carries the title. *Chandler v. Bailey*, 89 Mo. 643; Wait on Fraudulent Conveyances, etc. [2 Ed.], sec. 51.

The next inquiry is whether the trial court should have declared the plaintiff's action barred by the statute of limitations. Baine and his wife were in possession of the land when the first deed was destroyed and the second one executed. This second deed conveying the land to J. H. Potter in trust for Evaline Baine, the wife of Thomas Baine, was recorded the eighteenth of May, 1867. Baine and wife continued in possession for more than ten years after that date. Indeed, they continued in possession by themselves and tenants down to 1888, when they executed the deed to the defendants.

*Rogers v. Brown*, 61 Mo. 189, was a suit in equity to set aside a conveyance made in fraud of creditors. It was held that the ten year statute of limitations concerning real actions applied in that case, and that the statute began to run in favor of the fraudulent grantee at least from the date of the record of the fraudulent conveyance. It was then said: "While the creditors of Collet acquired no right to institute any proceedings to set aside his fraudulent conveyance, prior to the date of their judgments against him, still, such right might have been acquired by them by the institution of attachment proceedings, based upon said

conveyance made by Collet with the intent to hinder and delay them in the collection of their debts (Wag. Stat., 192, section 51), and as they are chargeable by law with notice of the recorded conveyance, and could thereafter have instituted such proceedings, the statute must be held to have commenced to run against them on the twenty-sixth day of October, 1857, the day on which the deed was recorded." The same rule must apply to this case. But we have no need to pursue this inquiry, for the real question here is, who had and held possession from and after the date of the deed from Hupp to the trustee? The plaintiffs say the possession of Baine and his wife was his possession under the destroyed deed; while the defendants say the possession was that of Mrs. Baine under the deed in trust for her use and benefit.

Where there are two or more persons in possession, each under a separate conveyance or color of title, the possession will be treated as being in him who has the better title. As there can not be a concurrent seizin of the land, but may be a concurrent possession, the seizin is deemed to be in him who has the better title. 2 Wood on Limitations [2 Ed.] sec. 261. As between Thomas Baine and his wife, Evaline Baine, she had the better title. Indeed, as between them he had no evidence of title, or even of color of title. As has been before shown, he was from and after the destruction of the first deed estopped from setting up any claim under it. The present case is, therefore, like that where husband and wife are in possession of land owned by the wife and to which he has no title whatever. That their possession in such a case would be the possession of the wife, there can be no doubt. It follows that Mrs. Baine has had and held possession adverse to her husband and these plaintiffs, who claim under him, ever

since the record of the deed in trust for her use and benefit, namely, the eighteenth of May, 1867.

It appears from the evidence produced by the plaintiffs themselves, as well as that produced by the defendant, that she had such possession for a period much more than ten years. The trial court should, therefore, have given the defendants' instruction in the nature of a demurrer to the evidence. Because of this error, the judgment is reversed without remanding the cause. All concur.