(55 App. Div. 464.)

### WEST v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.　November 20, 1900.)

**1. PAROL EVIDENCE—ADMISSIBILITY—WRITTEN INSTRUMENTS.**

Where plaintiff offered to show by parol the contents of a written instrument which was destroyed, while in his hands, after the case had once been tried, and while an appeal was pending, and no explanation for its destruction was given, it was not error for the court, in the exercise of its discretion, to exclude such evidence.　Williams, J., dissenting.

**2. SAME—SUFFICIENCY—NONSUIT.**

A car inspector, after finishing his work at the point to which he had been sent, took a freight train home.　A passenger train ran into the caboose in which decedent was, and he was killed.　There was evidence that when decedent had finished his work he approached a conductor of a passenger train which was about to leave in the direction of his home, took a paper from his pocket, and showed it to the conductor, but he did not return by that train.　Later he showed a paper to the conductor of the freight train he was on when killed, and the conductor looked at the paper and said, "All right."　Decedent (as was the custom when sent out) had often ridden on freight trains, on permits given him by the company.　There was evidence that the paper, which was alleged to be a permit, was destroyed before the trial.　*Held*, in an action for damages, that, notwithstanding the absence of direct proof, the evidence was sufficient to submit the question whether decedent was rightfully riding on the freight train to the jury, and a nonsuit was error.

McLennan, J., dissenting.

Appeal from trial term, Wayne county.

Action by Nettie West, as administratrix of Charles E. West, deceased, against the New York Central & Hudson River Railroad Company, to recover damages for the death of plaintiff's intestate. At the close of the evidence a nonsuit was directed.　Motion for new trial on exceptions ordered to be heard at appellate division in first instance.　New trial granted.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

S. K. & B. C. Williams and Jenny & Jenny, for appellant.

Haris & Haris, for respondent.

WILLIAMS, J.　The exceptions should be sustained, and the motion for a new trial granted.　The action was brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant.　The intestate was riding in the caboose of a freight train.　A passenger train ran into the rear of the caboose, and in the collision the intestate was killed.　The evidence given on the trial was sufficient to authorize the jury to find negligence on the part of the defendant, and the absence of contributory negligence on the part of the intestate, provided the intestate was rightfully riding on the caboose of the freight train.　The nonsuit was apparently granted upon the ground that the plaintiff had failed to prove that the intestate was rightfully upon the freight train at the time of the accident.　It is undoubtedly true that the freight and passenger service of a railroad are separate and well-defined branches of its business, and that no one has a right, in the absence of consent by the company, to ride

upon a freight train, unless employed thereon, and that the burden is upon the person so riding to show such consent, and that if a person, without such consent, rides upon a freight train and is injured, he cannot recover damages, even though his injuries resulted from the negligence of the railroad company, because the company owes him no duty of care. Eaton v. Railroad Co., 57 N. Y. 382. In the case cited the plaintiff was a stranger having no business relations with the railroad company. He was riding in the caboose of a freight train merely by invitation of the conductor, and it was held that the conductor had no authority to bind the company by consenting to plaintiff's riding on the train. In this case the facts are entirely different. The intestate was, and for four years prior to his death had been, a car inspector in the employ of the defendant. He resided with his mother at Newark, and most of his labor was performed at that place. His foreman was Van Wie, who was located at Newark, also. Car inspectors were often sent to different places along the road to do their work, and the intestate had frequently been sent out on the road to do work at different places. The car inspectors, when they were so sent out, were accustomed to ride upon freight trains, upon permits given by the proper officer of the company, and the intestate frequently rode upon freight trains when so sent out upon such permits. On the day in question he worked during the forenoon at Newark, took an early dinner at his mother's home, took off his work suit, and put on a better suit of clothes, put his overalls and jacket in a bundle, and, taking the bundle with him, went to the station. There his foreman, Van Wie, directed him to go to Weedsport and do some repairs, and, if there were any tools there belonging to Newark, to bring them home with him. The intestate left Newark by the 11:55 a. m. train, and arrived at Weedsport early in the afternoon. Between 3 and 4 o'clock he was in the West Shore yards, in his work clothes, near some cars, with tools in his hands, apparently at work. Between 5 and 6 o'clock he was in the streets and in some saloons, had his bundle with him, and looked dirty. Between 7 and 8 o'clock he was at the station in Weedsport, with his bundle. A passenger train was there, about to go towards Newark. He went up to the conductor of the train, took a paper from his pocket and showed it to the conductor, and talked with him. He did not go to Newark on that train. The next freight train going to Newark was the one on which the intestate met his death. That train did not ordinarily stop at Weedsport, but always stopped at Port Byron, a few miles away. The intestate got upon that train at Port Byron between 1:30 and 2:15 at night, and had with him the bundle containing his overalls and jacket. Tobin was the conductor of this train. The intestate and the conductor were in the caboose after the train started. The intestate took a book from his inside pocket, and took from the book a paper, and exhibited it to the conductor, handed it to him or laid it on the table, and passed it over to the conductor. The conductor looked at the paper and said, "All right." The intestate then put the paper back in the book, and returned the book to his inside pocket, and laid down on the locker, and was allowed to ride on the train and in the ca-

boose until the accident occurred. The intestate had a paper in a book which he carried in his pocket when he left home that day, and the same paper in the same book was returned to his mother after his death. This paper was destroyed by plaintiff before the trial, and upon proof of such destruction the plaintiff offered, upon the trial, to prove its contents by parol; that it was a permit to ride upon freight trains, signed by a proper officer of the company; and that the paper that he had when he left home, and which was returned to his mother after his death, was the same paper which he exhibited to the conductor, Tobin, and which the conductor said was "all right," and upon which the intestate was permitted to ride in the caboose until the accident occurred. This parol evidence was objected to as incompetent and immaterial, and as not the best evidence, and this objection was sustained by the court. This objection was not specific, and did not point out the real difficulty which the court and the defendant's counsel had in their minds, so as to apprise the plaintiff's counsel of the real grounds upon which the court excluded the evidence, to wit, that no satisfactory reason had been given by plaintiff for having destroyed the paper itself before the trial. The plaintiff's counsel asked the court to state the ground of its ruling, but the court refused to do so, further than was indicated by the objections themselves, and the ruling sustaining the same. It is undoubtedly true that, in order to make this parol evidence admissible, it was incumbent upon the plaintiff to account satisfactorily to the court for having destroyed the paper itself. Mason v. Libbey, 90 N. Y. 683. No such account was given or attempted. Apparently, plaintiff's counsel did not understand the rule. The objection did not enlighten him on the subject, and the court refused to help him. Whether the plaintiff could have given any evidence to satisfy the court, so as to procure the parol evidence to be admitted, we cannot say. No such evidence was offered, apparently because plaintiff's counsel did not appreciate the necessity of giving it. This was hardly fair on the part of the defendant's counsel and the court. The general rule is that objections to the admission of evidence should be so specific as fairly to apprise the opponent's counsel of the real grounds of such objection, and thus enable him, if possible, to obviate such objection. It is undoubtedly true that where the objection is general, and not specific, the ruling of the court thereon will be sustained, unless it appears that the real ground of the objection could have been obviated if it had been specified or disclosed. Tooley v. Bacon, 70 N. Y. 34–37; Quinby v. Strauss, 90 N. Y. 664; People v. Place, 157 N. Y. 584–601, 52 N. E. 576. But where, as in this case, the objection was so general as not to fairly apprise the opposite counsel of the real ground upon which the ruling was based, and the court and counsel refused to disclose the specific ground of the objection and ruling, and where the objection might well have been obviated had such disclosure been made, it would be manifestly unjust to sustain the ruling of the court. And especially is this true where the exclusion of the evidence resulted, as it did in this case, in defeating plaintiff's right to recover, and in the direction of a nonsuit.

The court, however, erred in directing a nonsuit, in the absence of ·direct proof of the contents of this paper.   There was still evidence ·enough in the case to authorize the jury to find that the intestate was riding in the caboose of the freight train at the time of the accident upon a written permit signed by a proper officer of the company.   It is not essential that a fact necessary to maintain an action should be proved by direct evidence.   It may always be inferred by the jury from circumstances proven, where the circumstances are of such a nature as fairly to lead to such inference.   The circumstances proven in this case have already been referred to in detail, and from the .circumstances so proven, assuming them to be true, the jury might .fairly have found and drawn the inference that the intestate was an employé of the defendant, as car inspector, at the time of the acci- dent; that as such he was sent to Weedsport to do work for the de- fendant; that car inspectors, when sent out upon the road to do work, were accustomed to ride on freight trains, and to have written permits from proper officers of the company to so ride; that the in- testate had frequently so ridden prior to the accident in question; that, having performed his work at Weedsport, he presented his per- mit to a passenger conductor, and was not permitted by him to ride thereon, because it was a permit to ride only on freight trains; that he then got upon the freight train in question, and presented his per- mit to the conductor, who said it was all right, and permitted him to ride thereon, and he was so riding rightfully when he met his death.   In view of the evidence and the inferences which might well be drawn therefrom, a nonsuit should not have been granted.   The case should have been submitted to the jury.

More or less discussion was had by counsel upon the argument as to what appeared in the evidence given upon a former trial of this case.   It seems by the report of the case upon appeal (45 N. Y. Supp. 93), after such former trial, that a reversal was had in this court upon the facts.   It will be remembered, however, that the case was then submitted to the jury after the evidence had been given on both sides, while the nonsuit on the last trial was granted at the close of the plaintiff's case, and in the absence of any evidence on the part of the defendant whatever.   More than this, the motion here must be determined upon the present record, and that alone, and nothing ap- pears therein as to the evidence given on the former trial.   The case here must stand or fall upon the record now before us.

For the reasons herein stated, the exceptions by the plaintiff should be sustained, and the motion for a new trial granted, with costs to the plaintiff to abide event.

McLENNAN, J., dissents.

ADAMS, P. J.   I concur in the result reached by Mr. Justice WIL- LIAMS, upon the ground that the evidence in the case was sufficient to warrant the jury in finding that the plaintiff's intestate was rid- ing upon the freight train at the time of the accident by permission of the defendant, but I do not think it was error to exclude evidence of the contents of the paper destroyed by the plaintiff.   The destruc-

tion of this paper was accomplished after the case had been once tried, while an appeal was pending, and under circumstances which raised a very strong presumption that it was with the deliberate intention of furnishing an excuse for its nonproduction upon the second trial. If the paper was what it is now claimed to have been, its destruction certainly demanded some explanation; and, as none was given, I think the case fairly falls within the rule which permits the trial court to determine whether or not secondary evidence of its contents should be admitted, and that its decision of that question in this instance should be respected by this court. Blade v. Noland, 12 Wend. 173; Jackson v. Frier, 16 Johns. 193; Steele v. Lord, 70 N. Y. 280; Mason v. Libby, 90 N. Y. 683; 1 Greenl. Ev. § 37; Steph. Dig. Ev. art. 72.

SPRING and LAUGHLIN, JJ., concur.