## MASSIE v. HUTCHESON et al.
### (No. 634–4153.)

(Commission of Appeals of Texas, Section A. June 27, 1925.)

**1. Judgment ⊚⟹256(2)—Where jury permitted to answer material issue, trial court is without discretion except to set finding aside and grant new trial or render judgment on finding.**

If jury's answer to material issue is received by court, then under Vernon's Sayles' Ann. Civ. St. 1914, art. 1990, it is without discretion, except to set aside finding and to grant new trial or to render judgment on and in conformity to finding, even though it concludes that testimony on which answer to issue was based was improperly admitted, and there was no evidence to uphold finding.

**2. Judgment ⊚⟹199(3)—Trial court, after jury's findings on material issue, was unauthorized to withdraw evidence considered by jury as basis of finding.**

Where trial court submitted issue as to whether deed under which defendant claimed had been executed and delivered and evidence was permitted to go to jury without limitation or instruction, it was too late after findings were returned and received for court then to withdraw from jury evidence, which they had considered as basis for finding.

**3. Appeal and error ⊚⟹1129—Court of Appeals held unauthorized to affirm judgment which trial court was without power to enter.**

The Court of Civil Appeals is not authorized by statute to affirm judgment, which trial court was without power to enter in disregard of verdict.

**4. Evidence ⊚⟹183(1)—Party relying on secondary evidence to prove deed must show loss or destruction of original.**

Party relying on secondary evidence to prove contents of instrument, which he claimed was lost or destroyed, must show loss or destruction of original.

**5. Lost instruments ⊚⟹8(1)—On evidence that original deed was intentionally destroyed, it was incumbent on party claiming thereunder to show facts rebutting inferences of fraud.**

Where deed, under which defendant claimed, had been intentionally destroyed by party under whom defendant was claiming, it was necessary for defendant to show by competent proof facts sufficient to rebut inferences of fraudulent intent or purpose arising from act of destruction.

**6. Evidence ⊚⟹187 — Motive prompting destruction of deed was preliminary question to secondary evidence of its contents.**

Where defendant relied on secondary evidence to prove contents of deed which he claimed was lost or destroyed, question whether destruction or loss of deed was prompted by motives innocent of corrupt intent or design was preliminary question for court.

**7. Evidence ⊚⟹183(3)—Proper predicate not laid for admission of secondary evidence of destroyed deed.**

Where there was no evidence offered to rebut inference that grantee's purpose in destroying deed was fraudulent, and to overcome presumption that, had deed been produced, it would have been against grantee's interest, there was no proper predicate laid for secondary evidence of deed's contents.

**8. Estoppel ⊚⟹98(2)—Parties, holding under grantee of destroyed deed, as effectively estopped from proving contents as grantee himself.**

Parties, holding under grantee of destroyed deed, are as effectively estopped from proving its contents by parol as grantee himself.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Rachel L. Hutcheson and others against W. M. Massie. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (258 S. W. 244), and defendant brings error. Reversed, and cause remanded.

Kinder & Russell, of Plainview, Kenneth Bain, of Floydada, and I. W. Stephens, of Fort Worth, for plaintiff in error.

Martin & Williams, of Plainview, T. P. Adams, of Wichita Falls, and P. B. Randolph, of Plainview, for defendants in error.

GERMAN, P. J. The land in controversy is survey 109, block 1, Floyd county, Tex. Suit was filed January 3, 1910. The parties will be designated as in the trial court. Prior to 1878, this survey of land was owned by Joseph Jones, and plaintiffs are his heirs. Defendant, Massie, claimed the land under a tax deed made in 1892, and which by the trial court was held ineffectual to pass title. He also claimed under deed from the heirs of one C. W. Haxton. His main contention was that on January 14, 1878, Jones and wife and delivered to Haxton a deed to the land in controversy, and thereby all title passed from them, leaving plaintiffs as their heirs, without title on which to base their action.

On trial of the case, it was sought to prove by parol testimony and circumstantial evidence execution of the deed of January 14, 1878, and its contents. The plaintiffs objected to the introduction of all of the evidence offered, and also to the submission of any issue as to the execution and delivery of the deed referred to, on the ground that if there

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

had ever been such deed, C. W. Haxton had voluntarily destroyed the same, and he and those holding under or through him should not be permitted to resort to secondary evidence to prove the execution or contents of same. The trial court submitted to the jury two special issues, as follows:

"First. Did Dr. Jones and wife execute and deliver to C. W. Haxton on or about the 14th day of January, 1878, a deed to survey No. 109, the land in controversy in this cause?"

"Second. Did C. W. Haxton voluntarily burn the instrument which he claimed was a deed to land in Texas?"

Both of these issues were answered in the affirmative. The trial court entered judgment in favor of the plaintiffs for the land in controversy By recitations in the judgment and statements in findings of fact and conclusions of law filed by him, the judge explains his action in so entering judgment, and the substance of his explanation is this: That when the question of the admissibility of evidence as to the execution and contents of the deed came up, defendant's counsel insisted that the question of whether or not the deed was voluntarily destroyed by Haxton was one for the jury to determine, and not the court, before it could be held that the evidence was inadmissible on that ground. At defendant's request, the court therefore submitted this question to the jury, in connection with special issue No. 1. That when the jury returned their answers, showing that Haxton had voluntarily destroyed the deed in question, he concluded that the testimony with reference to the deed and its contents was improper, and should not have been permitted to go to the jury, upon the principle that Haxton having willfully destroyed the deed, he and those claiming under him, would not be permitted to offer parol testimony as to its existence and contents. He therefore felt authorized to disregard special issue No. 1 and the finding thereto, because there was, no legal evidence authorizing its submission.

The Court of Civil Appeals affirmed the judgment of the trial court. In doing so it held that the first issue was a material one, but further held that the evidence was insufficient to support the finding of the jury to that issue. For that reason it was concluded that the judgment was correct, and should be affirmed, although the trial court stated an erroneous reason for entering it. 258 S. W. 244.

[1] The fundamental question for decision is this: The trial court having submitted to the jury special issue No. 1, which was a material one under the pleadings, and the jury having returned an answer thereto, which was accepted by the court, could the court thereupon enter a judgment contrary to such finding, even though it be found, by reason of the answer to special issue No. 2, that all the evidence upon which answer to special issue No. 1 is based was improperly admitted, and such answer is in effect without any legal evidence to support it? If the trial court was without power, in the face of the statute, to disregard such finding, even though without any evidence to support it, then the Court of Civil Appeals was without power to affirm the judgment, even though it was a correct one in the light of the undisputed facts.

Article 1990, V. S. Tex. Civil Statutes, in its plain language, and as interpreted by the courts of this state, gives an unequivocal answer to this query. That article provides:

"In all cases where a special verdict of the jury is rendered * * * the court shall, unless the same be set aside and a new trial granted, render judgment thereon."

In the case of Waller v. Liles, 96 Tex. 21, 70 S. W. 17, tried upon special issues, the court say:

"It is deducible from the ruling in that case [Ablowich v. Bank, 95 Tex. 429], that the findings of the jury upon the issues made by the pleadings in a case, although against the undisputed evidence or without evidence to support them. cannot be disregarded, but must constitute the only basis upon which any proper judgment can be rendered."

See, also, Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 445; Thompkins v. Hooker (Tex. Civ. App.) 229 S. W. 351.

We think the authorities unquestionably establish the proposition that if the trial court submits an issue to the jury which under the pleadings is a material one to the decision of the case, and the jury is permitted to answer that issue, which answer is received by the court, then, under the statute, the trial court is without discretion except to set aside the finding and grant a new trial, or to render judgment upon and in conformity to the finding, even though the court should conclude that all of the testimony on which the answer to such issue is based was improperly admitted, and there is no evidence to uphold the finding.

[2] In the present case, the issue as to whether or not Jones and wife executed and delivered the deed to Haxton was the one vital issue in the case. If answered in the affirmative and properly supported by legal evidence, it precluded a recovery by plaintiffs. If answered in the negative, plaintiffs were entitled to prevail. If submitted to the jury at all, its materiality did not depend upon the sufficiency of the proof to sustain an affirmative finding. If there was no evidence to authorize its submission, the court should not have submitted it. If the admissibility of the evidence as to its execution and contents depended, in the judgment of the trial court, on a negative answer to the sec-

270 S.W.—35

ond issue, then the court should have required an answer to the second question first, and instructed the jury to the effect that if they gave an affirmative answer to that question, then not to answer the first question at all. The evidence, however, was permitted to go to the jury without any limitation or instruction as to the manner of answering the questions, and we think it was too late, after the findings were returned by the jury and received by the court, for the court to then undertake to withdraw from the jury the evidence which they had already considered as a basis for their finding.

[3] But plaintiffs contend that the judgment of the Court of Civil Appeals should be affirmed, because it is based in part upon the proposition that the evidence was such that it did not admit of any judgment other than the one that was entered. The principal case relied upon is Fant v. Sullivan, supra. This contention would possibly be correct if the judgment of the trial court had been contrary to the undisputed facts, and the Court of Civil Appeals had reversed the trial court's judgment. In that case, by reason of statutory provisions, the Court of Civil Appeals could enter such judgment as the trial court ought to have entered upon the facts. The statute does not authorize the Court of Civil Appeals to affirm a judgment which the trial court was without power to enter, because entered in disregard of the verdict of the jury. The case of Henne & Meyer v. Moultrie, supra, makes this point perfectly plain.

Besides, the case of Fant v. Sullivan presents an entirely different situation. The following excerpt from that case clearly shows the distinction:

"It appears, then, that the higher courts cannot affirm a judgment rendered non obstante veredicto by reason of the insufficiency of the evidence upon any matter on which the jury made a finding. However, if there be undisputed evidence outside of the facts found by the jury, by reason of which a judgment should have been instructed for the party in whose favor the judgment was rendered, we see no reason why the judgment should not be affirmed under the general rule above stated."

[4-6] In reversing the case, we think it but fair to the learned special judge who tried the case to say that, but for the peculiar manner in which the case was submitted, the judgment entered would meet with our hearty approval. Defendant was relying upon secondary evidence to prove the contents of an instrument, which he claimed was lost or destroyed. It was therefore incumbent upon him to show the loss or destruction of the original deed and, it being made to appear that such deed had been intentionally destroyed by the party under whom he was claiming, it became further necessary for him to show by competent proof such facts as were sufficient to rebut all inferences of

a fraudulent intent or purpose arising from the act of destroying the instrument under the circumstances. Whether or not the destruction of the deed by Haxton was prompted by motives innocent of corrupt intent or design was a preliminary question to be determined by the court. Ricks v. Wofford, 31 Tex. 414; Voicicky v. Anderson, 95 Conn. 534, 111 A. 896; Dearing v. Pearson, 8 Misc. Rep. 269, 28 N. Y. S. 717; Tobin v. Shaw, 45 Me. 331, 71 Am. Dec. 547; 22 C. J. § 1320. See note 9 Ann. Cas. 485.

[7] In the present case it was shown, as found by the jury and also by the court, that Haxton voluntarily burned the deed under which defendant was claiming, and the legal inference from such action was that his purpose in destroying it was fraudulent. There was no proof offered to rebut this inference, and to overcome the presumption which arose that if it had been produced it would have been against his interest and the interest of those claiming under him. In this situation there was no proper predicate for secondary evidence, and the objections made by plaintiffs should have been sustained.

The principle supporting the cases has been aptly stated in the case of Parker v. Kane, 4 Wis. 12, 65 Am. Dec. 283:

"It is not like the cases of the loss of an instrument, or its destruction by accident or mistake, in either of which cases secondary evidence would be admissible, but it is an attempt to supply the place of written evidence of the transmutation of real estate, as required by the statute of frauds, by parol proof of the contents of a deed, which the party had, by his own act, voluntarily destroyed. In such a case he is not at liberty to subvert the rule of evidence, and by his own volition, having placed the higher grade of proof beyond reach, insist that he is therefore entitled to introduce an inferior grade of proof which the statute interdicts."

See Farrar v. Farrar, 4 N. H. 191, 17 Am. Dec. 410; Potter v. Adams, 125 Mo. 118, 28 S. W. 490, 46 Am. St. Rep. 478; Count Joannes v. Bennett, 5 Allen (Mass.) 169, 81 Am. Dec. 738, 9 Ann. Cas. 485; West v. N. Y. C. Ry. Co., 55 App. Div. 464, 67 N. Y. S. 104; Packing Co. v. Cannon (C. C.) 31 F. 313; Vanauken v. Hornbeck, 14 N. J. Law, 178, 25 Am. Dec. 509; Speer v. Speer, 7 Ind. 178, 63 Am. Dec. 418; Bagley v. McMickle, 9 Cal. 430, 446.

[8] The authorities also justify the conclusion that, in the absence of proof of possession and the exercise of rights which create equities in their favor, those holding under a grantee by title subsequently derived from him are as effectively estopped from proving the contents of the destroyed deed by parol as the grantee himself.

We think the state of the evidence in this case authorized the trial court to instruct a verdict for plaintiffs, but the issues having been submitted to the jury as was done, we

think the statute did not allow the judgment to be entered as it was.

It is our recommendation, therefore, that the judgment of the Court of Civil Appeals and of the district court be reversed, and the cause remanded.

PER CURIAM. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.

CURETON, C. J., disqualified and not sitting.