Elwell *v.* Mersick.

JOHN ELWELL AND ANOTHER *vs.* CHARLES S. MERSICK AND ANOTHER.

Upon the question whether certain iron bought of *M. & Co.*, who were iron brokers, was sold as their own or for some other party, the court charged the jury that if they should find that *M. & Co.* were brokers and as brokers selling such iron at the time, and that the purchaser knew this, it would of itself be evidence of notice to the purchaser that they were not the owners but were selling for some one else. Held to be erroneous.

The question whether the loss of a document has been satisfactorily proved, so that secondary evidence of its contents can be admitted, is wholly one of discretion with the judge trying the case, and can not be reviewed on error.

It is enough if the preliminary proof establishes a reasonable presumption of the loss of the document.

Where the original paper is in the hands of a third person, out of the jurisdiction of the court, secondary evidence of its contents is admissible.

This rule applied to a letter-press copy of a telegraph dispatch, accompanied by proof that the dispatch was sent.

Also to invoices of goods, when the originals were on file in the custom house in another state.

CIVIL ACTION for iron sold; brought to the Court of Common Pleas, and tried to the jury before *Torrance, J.* Verdict for the plaintiffs, and motion for a new trial and in error by the defendants. The principal points decided will be sufficiently understood from the opinion.*

*H. E. Pardee*, in support of the motions.

*C. S. Hamilton*, contra.

LOOMIS, J. This action was brought to recover the balance due upon a bill for iron which the defendants, through their agent, J. O. Carpenter, ordered of McCoy & Co. of New York, and the sole contention upon the trial was whether they should account with the present plaintiffs or with McCoy & Co. as the principals in the transaction. If the former was their duty then a small balance was admitted to be due the plaintiffs; but if the latter, then from other transactions with McCoy & Co. a right of set-off had accrued, sufficient in amount to cover all that was due for the iron in question.

The defendants offered evidence tending to prove that the principals were McCoy & Co., and that neither they nor Carpenter had any knowledge that the iron in suit came

---

* Certain questions of evidence are decided which are entirely special in their character and involve no general principles, but which would require for a full understanding of them such an extended statement of the facts, including some documentary evidence, that the reporter does not feel justified in giving up the space necessary for it. He also finds it impossible to carry into the head note any intelligible statement of these points.

from or was bought of the plaintiffs. To impeach this defence the plaintiffs offered McCoy as a witness, who testified that McCoy & Co. (of which firm he was a member) were dealers in hardware, commission merchants and iron brokers, and had a place of business at 132 Duane street, New York, and that Carpenter had frequently requested them, both before and at the time of the transaction in question, to obtain prices of iron from England for his benefit and that of the defendants.

Among other things the court, at the request of the plaintiffs, charged the jury as follows:—"If you find that McCoy & Co. were brokers and selling as brokers this kind of goods at the time the sale is claimed to have been made, and either the defendants or Carpenter knew that they were brokers, that of itself is evidence of notice to the defendants that McCoy & Co. were not the owners of the iron in question and that it belonged to some one else."

We think the jury would naturally receive these instructions as meaning that mere knowledge on the part of either Carpenter or the defendants that McCoy & Co. were brokers in this kind of business, was equivalent to proof that they had actual knowledge that the particular iron in question did not belong to McCoy & Co., but to some one else. It needs no more than the mere statement to show that the instructions were misleading. Persons known to be brokers in a particular business may, and it is notorious that they often do, engage in transactions entirely on their own account and deal in goods similar to those which they also buy and sell on commission for others. If the word "only" had been inserted after the word "brokers" wherever it is used in the charge it would have avoided our objection, and it is most probable that the court had such a qualification in mind but unwittingly omitted to express it.

The other objections to the charge we consider untenable.

The record presents for our consideration several questions of evidence. We will depart somewhat from the order as given in the record to consider first the ruling of the court excluding evidence of other transactions between

McCoy & Co. and the defendants or Carpenter, because that evidence apparently had some bearing upon the facts upon which the charge was predicated, and some reference to the facts stated by McCoy above referred to.

The record states that the defendants as part of their case offered in evidence the writings annexed and marked " *S,*" conceded by the defendants not to refer to the iron in suit, nor to any iron purchased from the plaintiffs, and other writings of similar character, for the purpose of showing the course of dealing between the witness · McCoy and the defendants, and to contradict his testimony as to his being agent for the plaintiffs in selling the iron in suit.

None of the writings referred to except exhibit "*S*" are given, and the bill of lading, the invoice, and statement therein referred to, are not given, but so far as appears it was on its face a transaction between McCoy & Co. and Carpenter. It does not contradict any specific statement on the part of McCoy, but as the obvious purpose of his testimony was to show that his firm did not act for themselves but for others, and to charge the defendants and Carpenter with notice of that fact, we are inclined to think the excluded testimony might have shown such a course of dealing as might have impaired somewhat the effect of McCoy's testimony. But as the nature of the testimony excluded does not clearly and fully appear, we do not say that this of itself would furnish sufficient ground for a new trial. Our discussion may have the effect to call the attention of the court more particularly to the nature of the testimony in the event of another trial.

The ruling of the court admitting oral testimony as to the contents of the letter from the plaintiffs authorizing McCoy & Co. to act as their agents, was clearly right. The sole objection was that the loss had not been sufficiently proved. This was a preliminary inquiry addressed to the discretion of the judge. 1 Greenl. Evidence, § 558; *Wilter* v. *Latham,* 12 Conn., 392; *Stowe* v. *Tuerner,* L. R., 5 Exch., 155. And although this court may revise the ruling of the court below in any matter of law, yet where that court, upon

legitimate testimony tending to show it, has found the fact of loss, we do not see how this court can review the question in respect to the weight of the testimony. *Durgin* v. *Danville*, 47 Verm., 95.

But if we were to review and weigh the testimony on this point we should reach the same conclusion. It is sufficient if the preliminary proof establishes a reasonable presumption of the loss of the written evidence. *Harper* v. *Scott*, 12 Geo., 125. And very slight evidence has been held sufficient. *Turner* v. *Moore*, 1 Brev. (S. C.), 236; *Flinn* v. *McGonigle*, 9 Watts & S., 75. In *Kelsey* v. *Hanmer*, 18 Conn., 311, it is held sufficient if the party offering the secondary evidence has done all that could be reasonably expected of him, under the circumstances of the case, in searching for the original instrument. See also *Waller* v. *Eleventh School District*, 22 Conn., 326.

The letter press copy of the cable dispatch sent by McCoy & Co. to Isaac Jenks & Sons, as claimed by direction of the defendants' agent, bearing a message to the plaintiffs, we think was clearly admissible, including also the translation and the letter confirming the dispatch. Where the original paper is in the hands of a third party, out of the jurisdiction of the court, secondary evidence of its contents is admissible. *Shepard* v. *Giddings*, 22 Conn., 282.

We think these papers were relevant evidence upon the issue as to agency, and also because the plaintiffs introduced other evidence to show that these messages were sent pursuant to the direction of the defendants' agent.

The only question of any importance which remains relates to the ruling of the court, denying the defendants' motion to strike from the deposition of Carpenter exhibits 1, 3 and 4, and the ruling admitting them in evidence. Exhibit 1 was a copy of the original specifications for the purchase of the iron in suit. After the court had stricken off the caption which contained the names "Elwell & Jenks," and which might serve to charge Carpenter or the defendants with notice that the iron was to come from the plaintiffs, there was nothing left but the items as to the iron

ordered, which were subsequently admitted to be correct. The items were identical with those in exhibit 10, which had been introduced by the plaintiffs without objection so far as appears from the record. No harm then came to the defendants on that account even if it was in strictness no part of the deposition.

Exibits 3 and 4 were copies of the invoices covering the two orders for the identical iron in suit. Now these copies were submitted to the deponent, Carpenter, on his cross-examination for the purpose of refreshing his memory, and to induce him to qualify or retract statements he had made in chief. And a reference to this part of the deposition will show that the purpose of the cross-examination was accomplished. For instance, it was shown that exhibit "A," which the defendants had introduced and which the deponent had sworn to be a true statement of the specifications made by him for the purchase of the iron in question, was not entirely correct, that it embraced part of an entirely different transaction, and that the iron in suit was obtained upon two orders or specifications instead of one; also that invoices like exhibits 3 and 4 containing the words "Bought of Elwell & Jenks," were seen or received by him. This last admission tended to show that the witness was mistaken when he testified that he knew nothing of the plaintiffs in the transaction. Now without annexing these exhibits the answers of the witness upon the cross-examination could not be clearly understood.

But if we should hold that these papers were not legitimately a part of the deposition no harm was occasioned by the refusal of the court to strike them out, for the reason that these copies were offered by the plaintiffs and properly received as evidence. As to the original invoices, we understand the defendants' counsel to admit that they would be proper evidence. They were parts of the *res gestæ* and were files and entries made in the discharge of official duty and therefore admissible. 1 Greenl. Ev., § 115.

It is insisted however that it was erroneous to receive mere copies. But it seems that the originals were on file in

the custom house in New York, as required by the laws of the United States. The case therefore is within the principle of *Shepard* v. *Giddings*, supra, and the copies would be admissible on that ground. Moreover, McCoy testified that he could not obtain the originals to bring to New Haven and that he made the copies that were offered from the invoices on file in the custom house.

There is in the case a motion in error which may be disposed of without particular discussion. It is predicated wholly on the ruling of the court sustaining a demurrer to two motions filed by the defendants twenty-one days after verdict and final judgment. One motion was to set aside the verdict and for a new trial, and the other in arrest of judgment and for a new trial—both based on a claim of newly discovered evidence, but with no allegation to show by what witness or evidence the claim could be sustained. There was no error in overruling motions so irregular and unprecedented in form, and so groundless in allegations of essential fact.

A new trial is advised.

In this opinion the other judges concurred.