ADAM WOICICKY *vs.* CHRISTIAN ANDERSON.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

A verdict will not be set aside if the result reached is one which was reasonably open to the jury upon the evidence.

The proponent of secondary evidence takes the burden of satisfying the court that the original evidence is lost or destroyed unintentionally and not for the purpose of excusing its production upon the trial.

A copy of daily ledger entries of milk delivered, is admissible upon proof of the loss or destruction of the ledger under nonsuspicious circumstances, although the name of the milk does not appear in the copy, and although the copy itself was made after the present action was begun, for the purpose of aiding counsel to prepare a counterclaim.

Grounds of objection to the admission of evidence which were not urged in the trial court are not available to the appellant in this court.

Argued October 28th—decided December 22d, 1920.

ACTION to recover damages for trespass and injury to the plaintiff's crops by the defendant's cattle, brought to the Court of Common Pleas in New Haven County

and tried to the jury before *Simpson, J.;* verdict and judgment for the defendant to recover $90.83 upon his counterclaim, from which the plaintiff appealed. *No error.*

*Claude B. Maxfield,* for the appellant (plaintiff).

*Omar W. Platt,* for the appellee (defendant).

CURTIS, J. The plaintiff's motion to set aside the verdict was properly denied. Under the evidence the jury could reasonably have found the issues for the defendant and rendered such verdict as it did.

The remaining reasons of appeal relate to rulings as to the admission of evidence.

The defendant, in support of his claim that he had sold one thousand five hundred and seventy quarts of milk to the plaintiff, testified that he kept a ledger in which he had entered daily the number of quarts delivered to the plaintiff, and that from this ledger he had copied on a paper the items as to milk delivered, copying only dates and quantities, and had given the paper to his counsel to guide him in preparing his counterclaim; that this copy had been made after this suit was begun, and that some two or three months later, in his absence, a fire occurred in his home by which, among other articles, the ledger had been destroyed. The paper, containing only such dates and items, was offered by the defendant as secondary evidence of the contents of the ledger. To its admission the plaintiff objected because the paper did not disclose to whom the milk was sold.

The defendant's ledger containing the milk account, would have been admissible in evidence, and, upon proof of its loss under circumstances which satisfied the court that secondary evidence of its contents should be

admitted, a copy of a part or the whole of the ledger would have been admissible. The court, therefore, correctly ruled that the mere absence of the name of the vendee of the milk on the copy offered, did not make it inadmissible.

The suggestion was made before us, that since this copy of a portion of the account on the ledger was made by the defendant after this action was begun, for the purpose of aiding his counsel in preparing a counterclaim, and that later a fire occurred on the defendant's premises which destroyed the ledger, such facts made the copy so far untrustworthy as to be inadmissible. It appears, in the first place, that no objection was made to the admission of the copy of the ledger on the ground that proof of its loss had not been made, or on the ground that it was not properly proved that its loss or destruction had occurred without intent to suppress it for a fraudulent purpose by the defendant. From the evidence presented the court could reasonably find, as it must have found, that the defendant had laid the proper foundation for the admission of secondary evidence of the contents of the ledger. A party proposing to produce secondary evidence of the contents of a writing, lost or destroyed, must, as a preliminary step, take the burden of satisfying the court that the original is lost or destroyed, and, further, that its loss or destruction was not intentional for the fraudulent purpose of excusing the production of the original and letting in secondary evidence of its contents. If, in this preliminary investigation, it appears that a party to the action had intentionally destroyed or caused to be destroyed the original writing, a presumption arises that if the original were produced in court it would be prejudicial to his case in some particulars, and in order, under such circumstances, to make secondary evidence admissible, such party must rebut the inference of a fraudulent

purpose in the destruction of the original, to the satisfaction of the court. *Joannes* v. *Bennett,* 87 Mass. (5 Allen) 169; *Tobin* v. *Shaw,* 45 Me. 331; 22 Corpus Juris, § 1320; *Elwell* v. *Mersick,* 50 Conn. 272; *United States Bank* v. *Sill,* 5 Conn. 106; 9 Amer. & Eng. Anno. Cases, 484; 2 Wigmore on Evidence, § 1196; *Bayley* v. *McMickle,* 9 Cal. 430. In the plaintiff's objection to the admission of secondary evidence of the contents of the ledger in the trial court, he made no suggestion that the evidence disclosed a wilful and fraudulent destruction of the ledger.

The remaining ruling upon evidence of which the plaintiff complains in his brief, in relation to the cross-examination of the plaintiff as to the cabbages taken from the patch after the injury, was so clearly correct as to require no discussion.

There is no error.

In this opinion the other judges concurred.