WILLIAM BARETZ vs. JOHN M. STEINMETZ.

Third Judicial District, New Haven, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A conclusion of the trial court which depends largely upon an infer-
ential determination of the intentions and expectations of the
parties, is one of fact.
A promise to pay for both past and future services will be sustained
as to both if the latter be performed.
The facts in the present case reviewed and *held* to support the
conclusion of the trial court that the defendant had so con-
ducted himself as to justify the plaintiff in believing that his
services as a broker in the sale of defendant's real estate had
been requested, and that the plaintiff, relying thereon, had ren-
dered the services in the expectation, shared by the defendant,
that he would be paid the usual broker's commission in the
event that he was the procuring cause of a sale.

Argued January 29th—decided March 6th, 1925.

ACTION to recover damages for the refusal of the
defendant to pay the plaintiff a commission alleged to
be due for services rendered in the sale of defendant's
real estate, brought to the Court of Common Pleas in
New Haven County and tried to the court, *Simpson, J.;*
facts found and judgment rendered for the plaintiff
for $344, from which the defendant appealed. *No
error.*

*Kenneth Wynne,* for the appellant (defendant).

*Harry L. Brooks,* for the appellee (plaintiff).

MALTBIE, J. The plaintiff, who, though not a real-
estate broker, had on three occasions sold property
and received commissions, was conducting a store in
a portion of the premises in question as a tenant of
the defendant, their owner. One Barone, supposing

the plaintiff to own them, came to him there and made overtures to him for their purchase, and, the situation being explained, asked him to see the defendant about the matter, stating that he would return on Monday. The plaintiff did see the defendant, telling him of the conversation with Barone, and the defendant said that he would let him know on Monday. On that day the defendant came to the plaintiff's store and asked and was given Barone's name and address. He then said to the plaintiff: "Well, the way that real estate pays now I suppose you want your commission"; and the plaintiff replied: "Certainly, I don't want to work for nothing." The defendant then said that he wanted $14,000, but, if he went to talk to Barone, perhaps he would reduce the price somewhat, and, on the plaintiff suggesting that Barone would come in soon and that he would introduce them, the defendant said that that was not necessary and he did not have the time, and added: "Send him over and I will talk with him." When Barone came in and objected to the price set, the plaintiff, in order to induce him to buy, stated to him the present rentals, told him that the upstairs portion was worth more than was being paid, and called attention to an "extra lot" connected with the building; and, later, directed him to the defendant's house. Then ensued negotiations directly between Barone and the defendant, in which the plaintiff had little part; once, indeed, he asked Barone if, in case he purchased the premises, he would buy the store as well; and on one occasion, inquiring of Barone as to the progress of the affair and finding that he and the defendant were in disagreement, the plaintiff talked the matter over with the latter and suggested to him that $12,000 was a good price for the property, and the defendant then promised to see him the next day. Barone finally

purchased the premises directly from the defendant for $11,000.

The trial court reached the conclusion that the defendant had impliedly agreed to pay the plaintiff the customary broker's commission if the property was sold to Barone. The facts presented might be approached from several angles, but, if that conclusion is justified by them, we have no need to inquire farther. Largely depending as it does upon inferences to be drawn from the facts proven and the determination of the intentions and expectations of the parties, it presents fundamentally an issue of fact. *Fruin* v. *Glassnap,* 97 Conn. 504, 508, 117 Atl. 547; 1 Williston, Contracts, § 36. When the defendant came to the store on Monday, the plaintiff had already set in motion a train of circumstances which might result in a sale. Had the plaintiff's connection with the transaction stopped there, the question might have arisen whether the defendant might have been held to have so availed himself of the plaintiff's services as to be made liable under the second proposition stated in *Weinhouse* v. *Cronin,* 68 Conn. 250, 253, 36 Atl. 45; but that does not now concern us, because the trial court viewed the situation from an entirely different standpoint; nor are we barred by the difficulty which might in such a case arise out of the circumstance that there would be but a past consideration for any promise of future action on the part of the defendant, for the plaintiff's part in the transaction did not stop there and an agreement to pay for both past and future services will be sustained as to both if the latter be performed. *Loomis* v. *Newhall,* 32 Mass. (15 Pick.) 159; *Ridlon* v. *Davis,* 51 Vt. 457; *Fisk Mining & Milling Co.* v. *Reed,* 32 Colo. 506, 77 Pac. 240; *Wiggins* v. *Keizer,* 6 Ind. 252; 1 Williston, Contracts, § 134. When the defendant said to the

Baretz *v.* Steinmetz.

plaintiff, "I suppose you want your commission," and the plaintiff replied, "Certainly, I don't want to work for nothing," both clearly had in mind the relationship which entitles a real-estate broker to his commission, the securing of a customer ready, able and willing to purchase upon terms satisfactory to the owner; *Rosenfield* v. *Wall*, 94 Conn. 418, 423, 109 Atl. 409; and when, immediately after, the defendant told the plaintiff to send Barone to him, it would be a reasonable inference that thereby both plaintiff and defendant understood that the relationship of principal and broker was to continue thenceforward, with its usual concomitants of assistance by the former in furthering the sale and of payment to him if a sale resulted; an inference which is the more plausible in view of the subsequent conduct of the plaintiff and the acceptance of him by the defendant at least in one instance as an intermediary. In the direction by the defendant to the plaintiff to send Barone to him, might well be found the request, and in the plaintiff's conduct in so doing and afterward, the rendition of services which bring the case within the first proposition stated in the *Weinhouse* case. Nor was it unreasonable for the trial court, in view of the circumstances, to conclude that the parties intended, not compensation for services thereafter to be performed, but the usual commission due a broker who has been the procuring cause of a sale. The conclusion of the trial court upon the facts being reasonable, it must of course stand.

There is no error.

In this opinion the other judges concurred.