[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The civil matter was reached for trial on a writ, summons and complaint alleging on the part of the plaintiff that monies were owed to it by the defendants as a result of materials supplied for the benefit of the corporate defendant: and upon a certain alleged personal guarantee claimed to have been executed by the personal defendant, Mark Helbling.
At the outset this court allows the amendment CT Page 245 pro-offered by the plaintiff to substitute a party plaintiff in order to sure a variance and to correctly name the party plaintiff in interest.
The evidence establishes that the plaintiff corporation supplied to Delco Construction, Inc. pipes and fittings described in the exhibits of record. Delco Construction is presently in Chapter 11 Bankruptcy proceedings before the United States District Court for the District; of Connecticut.
The plaintiff's claim as against the defendant is encompassed in exhibit A which is a document purporting to be a personal guarantee. The defendant, Mark Helbling, has identified his signature thereon. This court found that the document was admissible as a copy under Connecticut Bank Trust Co. v. Wilcox, 201 Conn. 570, 575. The document has been identified by Mr. Helbling as having been executed by him and the court finds that the testimony of the plaintiff's witness establishes the contents of the document sufficiently. Mr. Helbling has admitted on the witness stand that he executed but did not read the document.
His dispute with respect to the operation of the document against him is that he did not intend to incur personal liability hereunder. His intention an of little moment since the document speaks for itself, there being no patent ambiguity in terms on the fate of the document. It purports to and does embrace his personal guarantee for the charges incurred by his corporation, the Delco Construction, Inc.
Mr. Helbling disputes the amount due and that the document itself establishes personal liability on his part. This court concludes from a review of the testimony and the document that he did not sign exhibit A in his representative capacity. Accordingly, the court finds that the defendant Helbling is personally responsible for such debts as are found to be due from the corporate defendant, Delco Construction, Inc. to the plaintiff.
There is no disagreement that the sum of $2,284.73 under exhibit C and D is due and owing. In addition the plaintiff is entitled to collect interests on these amounts in accordance with the terms of exhibit A.
With respect; to exhibit B which outlines the claim in the amount: of $14,164.20, the defendant; Helbling disputes the amounts of this claiming that there was a lesser price quoted to him by someone and that only 720 of pipe at CT Page 246 a lower price of $9.25 per foot, was delivered to him. Prior to the trial this defendant: never disputed the amount: of the billing either as to amount or price contained therein to the plaintiff. In addition he has only a vague recollection as to when, by whom and where he was quoted an alleged lower price. The claims of the plaintiff are sustained by the exhibits and testimony and the court finds that there were in fact two deliveries made which accounted for the full amount of the plaintiff's claim. Accordingly, judgment is ordered in favor of the plaintiff as against the defendant Helbling in the amount: of $16,448.93 plus $3,813.81 in interest or a total of $20,262.74. In addition, the exhibit A contained a term in which the personal defendant agreed to pay attorney's fees and the court finds that a reasonable attorney's fee herein is $2,000.00. Accordingly, a total judgment may enter in favor of the plaintiff as against the personal defendant in the amount of $22,262.74.
It is so ordered.
HIGGINS, J.