[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before the court on an application to dissolve a prejudgment attachment of the interest of Bruce V. Morris in real property located at 23 Wilkins Street in Hamden and 18 Melbourne Road in Norwalk.
Pursuant to a commercial waiver of the right to notice and a hearing, the attachment at issue was effectuated by the plaintiff. Defendant Bruce V. Morris has moved pursuant to General Statutes § 52-306 to dissolve the attachment of his interest in those properties on the ground that there was no probable cause to attach his personal assets. The movant takes the position that the indebtedness which is the subject of the plaintiff's complaint was an obligation only of Mor-Fam Electric, Inc. and that he had not personally guaranteed the obligation and is therefore not liable.
The parties agreed that the plaintiff is the present holder of the note on which the plaintiff seeks recovery and the movant does not contest the plaintiff's right to attach without notice.
The plaintiff asserts that it properly attached Mr. Morris's property because he had executed a personal guaranty that applied to the note at issue. That note memorialized a loan on January 9, CT Page 7903 1990 by Connecticut Savings Bank to Mor-Fam Electric, Inc. in the amount of $102,500.00 with interest at the bank's base rate plus one and one half percentage points.
The note was assigned to the plaintiff by the Federal Deposit Insurance Corporation as receiver for Connecticut Savings Bank on June 29, 1994. The defendants did not contest for purposes of this hearing that the note is in default.
At the time the note at issue was executed on January 9, 1990, Connecticut Savings Bank was in possession of an "All Purpose Guarantee" dated March 31, 1986. In that guaranty, defendants Bruce L. Morris, Bruce V. Morris and Richard Robinson guaranteed the obligations of Mor-Fam Electric Inc. to Connecticut Savings Bank. Though the movant asserts that this personal guaranty related only to obligations entered into on or before March 31, 1986, the text of the guaranty does not support that position. The guaranty recites as consideration "valuable consideration, including, but not by way of limitation, loans, advances or financial accommodations heretofore and hereafter granted by the Bank to the Borrower" and states that the signers guarantee "absolutely and unconditionally, the payment when due, or upon default, of any and all present and future indebtedness, obligations and liabilities. . . ." [emphasis supplied].
The movant has identified no document by which this guaranty was revoked or by which the $102,500.00 loan was specifically excluded from its operation.
The text of the guaranty form sets forth options consisting of 1) application of the guaranty to all obligations or liability or 2) application only to obligations specifically enumerated. The choice selected is "Any and every obligations [sic] and liability of Borrower to Bank and claims of every nature and description of Bank against Borrower." The guaranty provides that it shall "inure to the benefit of the Bank, its successors and assigns." (Exhibit D). Contrary to the contention of the movant, this provisions does not serve to limit the scope of the guaranty.
The movant takes the position that the guaranty, despite its provisions to the contrary, does not apply to the loan at issue because no reference was made to it in the note.
Whether a guaranty applies to a particular note is a matter CT Page 7904 of interpretation that "is principally a question of the intention of the contracting parties, a question of fact to be determined by the trier of facts." Connecticut Bank Trust Co.v. Wilcox, 201 Conn. 570, 576 (1986), quoting Monroe Ready MixConcrete, Inc. v. Westcor Development Corporation, 183 Conn. 348,351 (1981). "An offer for a continuing guaranty is ordinarily effective until revoked by the guarantor or extinguished by some rule of law." Associated Catalog Merchandisers. Inc. v. Chagnon,210 Conn. 734, 742 (1989). To revoke a continuing guaranty, the guarantor usually must give notice of the revocation to the creditor. Associated Catalog Merchandisers Inc. v. Chagnon,210 Conn. 734, 742-43.
The movant testified in conclusory fashion that it was his understanding that the personal guaranty would not apply to the note in question. In essence, the movant claims an oral agreement to exempt the transaction from the continuing application of the personal guaranty.
Having acquired the defendants' obligation from the FDIC as receiver the plaintiff is entitled to the application of the doctrine approved in D'Oench, Duhme Co. v. FDIC, 315 U.S. 447
(1942). See, e.g., Bell Murphy Associates v. Interfirst BankGateway, N.A., 894 F.2d 750, 754-55 (5th Cir. 1990). That doctrine requires, inter alia, that agreements that diminish an asset be in writing.
The movant has not proven any written revocation of the guaranty or any written agreement to exclude the obligation at issue from the guaranty; and by its terms the guaranty applies to all present and future indebtedness of Mor-Fam Electric, Inc. to Connecticut Savings Bank or its successors and assigns.
The court finds that the plaintiff has established probable cause for recovery against the movant on his personal guaranty and that the movant has not established grounds to dissolve the attachment of his interest in the properties attached by the plaintiff. The motion to dissolve the attachment is denied.
Beverly J. Hodgson Judge of the Superior Court CT Page 7905