United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-61031

_____

KATRINA BANKS, ET AL.

Plaintiffs,

KATRINA BANKS, ET AL.

Plaintiffs-Appellees,

versus

MITSUBISHI MOTORS CREDIT OF AMERICA INC; ET AL,

Defendants,

MITSUBISHI MOTORS CREDIT OF AMERICA INC; ET AL,

Defendants-Appellants.

_____

Appeals from the United States District Court for
the Southern District of Mississippi
(USDC No. 5:02-CV-660)
_____

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

1

PER CURIAM:[*]

Reviewing the district court's denial of Mitsubishi Motors Credit of America, Inc. and Triad Financial Corporation's (collectively "Appellants") motions to compel arbitration de novo, we reverse and remand for the following reasons:

1.      The district court held that Appellants did not provide signed arbitration agreements, and therefore, failed to show that there existed a valid agreement to arbitrate between the parties.  Appellants admit that they did not produce a copy of the signed arbitration agreements, but argue that they proffered the affidavit of John M. Thames, Jr., President of Thames Autoplex (hereinafter "Thames affidavit") that established that: (1) Appellees purchased cars from Thames Autoplex; (2) the signed arbitration agreements could not be located; (3) "Thames requires that every customer purchasing or attempting to purchase a vehicle from Thames execute an Arbitration Agreement" and that "[Appellees] could not have purchased the vehicles from Thames without having signed such an Arbitration Agreement"; and (4) Thames standard arbitration agreement applies to "all claims, demands, disputes or controversies of every kind or nature ... arising from, concerning

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or relating to any of the negotiations involved in the sale, lease or financing of the vehicle." Because Appellees failed to provide any evidence in response to the Thames affidavit, it "was unimpeached and uncontradicted and its credibility was in no manner brought into question." *United States v. Johnson*, 208 F.2d 729, 730 (5th Cir. 1953).

2.      Based on the Thames affidavit, Appellants contend that they proved by a preponderance of the evidence that the parties agreed to arbitrate this dispute. We agree.

Arbitration must proceed by agreement: "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *May v. Higbee Co.,* 372 F.3d 757, 763 (5th Cir. 2004) (quoting *AT&T Techs., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L.Ed.2d 648 (1986)). Therefore, when considering a motion to compel arbitration, the court must initially "determine whether the parties agreed to arbitrate the dispute in question." *Webb v. Investacorp, Inc.,* 89 F.3d 252, 258 (5th Cir. 1996). "This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.*

3

Where the issue is whether the parties have a valid and enforceable agreement to arbitrate, courts apply the contract law of the state governing the agreement. *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). Mississippi contract law applies here.[2]

Under Mississippi law, "where there is no writing to evidence the contract or the writing itself has been destroyed or lost, the parties may use 'parol evidence' or outside evidence to prove that a valid contract existed and what the terms of that contract were meant to be." *Murphree v. W.W. Transp.,* 797 So.2d 268, 273 (Miss. App. 2001) (citing *Williams v. Evans*, 547 So.2d 54, 57 (Miss. 1989)). Accordingly, the loss or destruction of an instrument will not prevent its enforcement. *See Bolden v. Gatewood*, 164 So.2d 721, 731 (Miss. 1964) ("It is also well settled that parol evidence is admissible to show the making of a contract which has been lost or destroyed."). However,"a party must undertake a twofold burden in order to recover on a document that he cannot produce. Such a party must demonstrate both (a) the former existence and the present unavailability of the

---

[2] Neither party disputes that Mississippi law applies. Plaintiffs are citizens of Mississippi. In addition, the subject transactions were entered into in Mississippi. Mississippi follows the "center of gravity" approach to choice-of-law issues. *See Boardman v. United Servs. Auto Ass'n*, 470 So.2d 1024, 1031 (Miss. 1985).

missing document, and (b) the contents of the missing document." *Williams*, 547 So.2d at 57 (quoting *Connecticut Bank and Trust Co. v. Wilcox*, 201 Conn. 570, 518 A.2d 928, 930 (1986)).

We hold that the uncontradicted Thames affidavit shows by a preponderance of the evidence: (1) the existence of an agreement to arbitrate between the parties, albeit through circumstantial evidence that Appellees purchased a car from Thames, every car purchaser is made to sign an arbitration agreement, and that Appellees could not have purchased a car without executing an arbitration agreement; (2) the present unavailability of the arbitration agreement; and (3) the contents of the missing arbitration agreement. Accordingly, we conclude that there was a valid agreement to arbitrate between the parties.

3. The district court determined that the other Plaintiffs' claims in this case, for which Appellants were able to produce signed copies of the arbitration agreements, fell within the scope of the arbitration agreement. Because Appellees asserted the same claims as the other Plaintiffs, their arbitration agreements are identical, and Appellees do not contend that their claims fall outside the scope of the arbitration agreement, we conclude that the Appellees claims fall within the scope of the arbitration agreement.

REVERSED AND REMANDED.