GENERAL ELECTRIC CAPITAL CORPORATION *v.*
TRANSPORT LOGISTICS CORPORATION ET AL.
(AC 26491)

Flynn, C. J., and Harper and Pellegrino, Js.

Argued February 10—officially released March 28, 2006

*Patrick W. Boatman*, with whom was *Jenna N. Sternberg*, for the appellant (defendant Ronald J. Gaudet).

*Lance Gotthoffer*, pro hac vice, with whom were *Jane W. Arnone*, and, on the brief, *Sonia T. Larossa, Darren Pascarella*, pro hac vice, and *Michael Tsang*, pro hac vice, for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. This appeal arises from the judgment rendered in favor of a lessor for the collection of moneys due under an agreement with the corporate defendant and an individual guarantee signed by a cor-

porate officer. The lessor filed a motion for summary judgment against the individual guarantor with respect to the second count of the complaint. The trial court granted the motion for summary judgment and rendered judgment in favor of the lessor in the amount of $628,608.12 plus costs, expenses and attorney's fees. On appeal, the individual guarantor claims that the court improperly concluded that the guarantee was enforceable. We affirm the judgment of the trial court.

The following facts are not in dispute. The plaintiff, General Electric Capital Corporation, entered into an agreement dated November 2, 1998, with the corporate defendant, Transport Logistics Corporation,[1] to lease certain vehicular trailer equipment. Thereafter, on July 21, 2000, the defendant Ronald J. Gaudet agreed in writing to guarantee individually the obligations of the corporate defendant due to the plaintiff.[2] Within days, on July 25, 2000, the corporate defendant leased additional pieces of equipment from the plaintiff. Because the corporate defendant failed to make payment under the lease agreement, the parties entered into a modification agreement dated February 1, 2001, which Gaudet signed as an officer of the corporate defendant and individually as guarantor. Two additional modification agreements were executed on December 26 and 31, 2001, which Gaudet again signed as a corporate officer and individually as guarantor. The corporate defendant failed to make payment to the plaintiff, and the plaintiff made demand on Gaudet pursuant to the guarantee. The defendants failed to make payment.

The plaintiff commenced an action against the defendants in October, 2003. The plaintiff filed a motion for

[1] The corporate defendant was defaulted for failure to appear and failure to plead and is not a party to this appeal. The motion for summary judgment was not directed toward the corporate defendant. On February 16, 2006, the action was withdrawn as against the corporate defendant.

[2] The guarantee was referenced in and attached to the complaint.

summary judgment with respect to the second count of the complaint as to Gaudet, which the court granted. The court rendered judgment in favor of the plaintiff in the amount of $628,608.12, plus attorney's fees, costs and expenses.[3]

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Aselton* v. *East Hartford*, 277 Conn. 120, 130, 890 A.2d 1250 (2006). Our scope of review of the granting of a motion for summary judgment is plenary. Id. The facts at issue in a motion for summary judgment are those alleged in the complaint. *Mountaindale Condominium Assn., Inc.* v. *Zappone*, 59 Conn. App. 311, 315, 757 A.2d 608, cert. denied, 254 Conn. 947, 762 A.2d 903 (2000).

On appeal, Gaudet claims that the court improperly determined that the guarantee was a continuing guarantee in consideration for the plaintiff's prior and future lease of equipment. Gaudet's claim is in two parts: (1) the parties' intent is a question of fact that is inappropriate for summary judgment and (2) there was no consideration given by the plaintiff for his guarantee. We disagree.

The following additional facts are relevant to our decision. The guarantee states in relevant part that "[t]o

---

[3] Gaudet challenges the enforceability of the guarantee, not the amount owed.

induce [the plaintiff] to enter into, purchase or otherwise acquire . . . any . . . documents or instruments evidencing, or relating to, any lease, loan, extension of credit or other financial accommodation . . . to [the corporate defendant] . . . the undersigned, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby guarantee to [the plaintiff] . . . the . . . payment of any sum or sums of money which [the corporate defendant] may owe to [the plaintiff] *now or at any time hereafter .  . . .*" (Emphasis added.)

"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . When only one interpretation of a contract is possible, the court need not look outside the four corners of the contract. . . . A court will not torture words to import ambiguity when the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Citation omitted; internal quotation marks omitted.) *McCann Real Equities Series XXII, LLC* v. *David McDermott Chevrolet, Inc.*, 93 Conn. App. 486, 503, 890 A.2d 140, cert. denied, 277 Conn. 928, 895 A.2d 798 (2006). On the basis of our review of the guarantee, we conclude that the relevant language of the guarantee is not ambiguous and, thus, clearly expresses the intent of the parties. The parties agreed that Gaudet would guarantee the debt that the corporate defendant owed the plaintiff at the time he signed the guarantee and any time thereafter.

The issue of whether the guarantee is a continuing one is controlled by *Connecticut Bank & Trust Co.* v. *Wilcox*, 201 Conn. 570, 575, 518 A.2d 928 (1986). In that case, as here, the defendants argued that there was a

lack of consideration for their promise to guarantee a debt. Id. This argument hinges on the fact that there was an interval of time between the execution of the guarantee and the time the debt was incurred. As our Supreme Court reasoned, this argument is untenable. Id. "A continuing guarant[ee] is enforceable, for those transactions within its contemplation, if the creditor makes subsequent advances by reason of the outstanding guarantee. Both our case law and the modern law of contract eschew any requirement of contemporaneity between a continuing guarant[ee] and the obligations secured thereby." Id. Whether the parties contemplated that the continuing guarantee applied to future transactions "is a matter of interpretation of the letter of guarant[ee] that is principally a question of the intention of the contracting parties . . . ." (Internal quotation marks omitted.) Id., 576. As we previously have concluded, the letter of credit at issue in this case is clear and unambiguous. The parties intended that Gaudet would guarantee the corporate defendant's debt owed to the plaintiff at the time he signed the guarantee and into the future.

Gaudet argues that there was no consideration for his signing the guarantee almost two years after the plaintiff had entered into the lease agreement with the corporate defendant. Generally, in the absence of consideration, an executory promise is unenforceable. *Osborne* v. *Locke Steel Chain Co.*, 153 Conn. 527, 531, 218 A.2d 526 (1966). The plaintiff, Gaudet continues, could not have relied on Gaudet's guarantee when contracting for the original lease.

"[C]onsideration is [t]hat which is bargained-for by the promisor and given in exchange for the promise by the promisee . . . . We also note that [t]he doctrine of consideration does not require or imply an equal exchange between the contracting parties. . . . Consideration consists of a benefit to the party promising,

or a loss or detriment to the party to whom the promise is made." (Internal quotation marks omitted.) *Martin Printing, Inc.* v. *Sone*, 89 Conn. App. 336, 345, 873 A.2d 232 (2005). Here, Gaudet's signing the guarantee induced the plaintiff to lease equipment to the corporate defendant, and the plaintiff's continued leasing of equipment to the corporate defendant was consideration for Gaudet's guarantee. See *C.I.T. Corp.* v. *Deering*, 119 Conn. 347, 351, 176 A. 553 (1935) (when defendant executed guarantee, plaintiff already was extending credit and, in consideration for guarantee, continued to do so). In this case, several days after Gaudet signed the guarantee, the plaintiff leased additional equipment to the corporate defendant. "[A]n agreement to pay for both past and future services will be sustained as to both if the latter be performed." *Baretz* v. *Steinmetz*, 102 Conn. 148, 150, 128 A. 18 (1925). Furthermore, when Gaudet signed the guarantee, he did so "for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged . . . ." For these reasons, we affirm the judgment of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.